**Mary Rosalie ANTELOPE, Plaintiff,**

v.

**Donald GEORGE, Defendant.**

**No. 2279.**

United States District Court
D. Idaho, N. D.

Dec. 13, 1962.

Scott W. Reed, Coeur d'Alene, Idaho, for plaintiff.

Sylvan Jeppesen, U. S. Atty., Boise, Idaho, by Jim Christensen, Asst. U. S. Atty., Boise, Idaho, for defendant.

FRED M. TAYLOR, District Judge.

The plaintiff instituted this action for damages on the premise that her civil rights had been violated by the defendant.

The essential facts in this case are not in dispute. Plaintiff, a member of the Coeur d'Alene Indian tribe, was arrested August 6, 1961, by defendant, an Indian police officer, after an incident at defendant's home in Benewah County on the Coeur d'Alene Indian Reservation, and was subsequently charged with breach of the peace.

The arrest was made without a warrant in Kootenai County, some five hours after the alleged offense. It is not contended and there is no evidence that plaintiff was committing any offense at the time of her arrest by defendant. Defendant and the sheriff of Benewah County transported plaintiff to the Benewah County jail where she was incarcerated; she was released later that day after depositing, presumably as bail, a sum designated by the sheriff. Three days afterward, defendant filed a complaint in the probate court of Benewah County charging plaintiff with breach of the peace in violation of a State statute. This is the first opportunity the plaintiff had to appear before a court or magistrate and to learn of the offense she was accused of having committed. Ultimately plaintiff was found not guilty of the charge in the State District Court after trial before the court without a jury.

Plaintiff maintains the arrest and subsequent detention were unlawful and seeks damages under and pursuant to 42 U.S.C. § 1983. Said section states:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

While defendant is an Indian police officer, it is evident from the testimony his actions were under color of state law. This is exemplified by defendant's taking plaintiff before the probate court (rather than before federal or tribal authorities) and charging her with a violation of a state statute. Also, the evidence reveals that defendant was working in consort with the sheriff of Benewah County not only in making the arrest but in the incarceration and prosecution of plaintiff.

In determining whether there has been an invasion of civil rights, lawfulness of the arrest must be measured under state law. Mueller v. Powell, 203 F. 2d 797 (8th Cir.1953); Pollack v. City of Newark, 147 F.Supp. 35 (D.C.N.J. 1956), affirmed 248 F.2d 543 (3rd Cir. 1957).

It appears plaintiff was not informed of defendant's intention to arrest her, of the cause of arrest, nor of defendant's authority to make it, as required by Idaho statute (I.C. § 19–608); she was not taken without delay to the nearest or most accessible magistrate in the county where the arrest was made (I.C. § 19–615); while the offense was allegedly committed in defendant's presence (I.C. §§ 19–603, 19–604) defendant did not make the arrest until several hours thereafter, nor did he obtain a warrant during the interval. Further, the court before which plaintiff was eventually taken had no jurisdiction. Arquette v. Schneckloth, 56 Wash.2d 178, 351 P.2d 921. The facts here patently show a violation of the civil rights of the plaintiff.

Defendant urges he cannot be held liable for an honest mistake in interpreting the law, citing Agnew v. City of Compton, 239 F.2d 226 (9th Cir.1956), reversed on other ground in Cohen v. Norris, 300 F.2d 24 (9th Cir.1962). The Agnew case is distinguishable on the facts. Defendant here is an Indian police officer with many years of experience. He admitted under cross-examination that on a previous occasion he had brought charges in a state court for a crime alleged to have been committed by Indians on the reservation, and the charge was dismissed for lack of jurisdiction. Under the evidence it cannot be said defendant was acting under a misunderstanding. There is no evidence indicating that defendant had ever been advised by anyone in a superior position

that he should or could do what he did in the case here. It clearly appears that defendant had ample time within which to get competent advice as to what, if anything, he could or could not do under the circumstances as they existed. Obviously there was no necessity for hasty action on the part of defendant.

██ Nor is it necessary, as defendant contends, to show a tort against plaintiff's person before she can recover for mental suffering:

" * * * The only elements which need to be present in order to establish a claim for damages under the Civil Rights Act are that the conduct complained of was engaged in under color of state law, and that such conduct subjected the plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution of the United States." Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir.1962).

██ However, defendant is liable only for such damage as suffered by plaintiff up to the time she appeared before the probate court. Hoffman v. Halden, 268 F.2d 280 (9th Cir.1959). This is true even though that court was without jurisdiction. Cf. Cuiksa v. City of Mansfield, 250 F.2d 700 (6th Cir.1957), certiorari denied 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 813.

██ The action sounds in tort, and is a proper one for award of exemplary or punitive damages. Hague v. Committee for Industrial Organization, 101 F.2d 774 (3rd Cir.1939), modified on other grounds 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.

██ In view of the wilfulness of defendant's conduct, and of the indignity and humiliation suffered by plaintiff, the Court finds the plaintiff is entitled to a judgment in the sum of $500.

Counsel for the plaintiff shall prepare Findings of Fact, Conclusions of Law and a proposed Judgment, and shall submit copies of the same to counsel for the defendant and the originals to the Court.