**H. Brent DAVIS, Plaintiff,**

v.

**BOARD OF TRUSTEES OF ARKANSAS A & M COLLEGE, a body corporate, and Dr. Homer Babin, President of Arkansas A & M College, Defendants.**

**No. PB 66 C–76.**

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Sept. 1, 1967.

John W. Walker, Little Rock, James J. Graham, Brooklyn, for plaintiff.

Joe Purcell, Atty. Gen., R. D. Smith, III, Asst. Atty. Gen., State of Arkansas, for defendant.

## OPINION AND ORDER OVERRULING MOTION TO DISMISS

OREN HARRIS, Chief Judge.

This is an action by the plaintiff, H. Brent Davis, against the Board of Trustees of Arkansas A & M College and its President, Dr. Homer Babin, under provisions of the Civil Rights Act, 28 U.S.C.A. § 1343 (3) and 42 U.S.C.A. § 1983. The jurisdiction of the court is further invoked pursuant to provisions of 28 U.S.C.A. § 1332(a) (1) as between citizens of different states and the amount in controversy exceeds the sum or value of $10,000, exclusive of interest and costs.

The jurisdiction of the court is further based on the provisions of 28 U.S.C.A. § 1331(a) as the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arising under the Constitution, laws, or treaties of the United States. The plaintiff seeks redress, the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution and laws of the United States. Both damages and injunctive reliefs are sought as a result of alleged termination of the plaintiff from employment by the Board of Trustees of the Arkansas A & M College.

A motion to dismiss the action was filed by the defendants pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In their motion to dismiss the defendants claim (1) state immunity, (2) the failure to state a claim upon which relief can be granted, and (3) that the complaint is based on a breach of contract in seeking damages in tort. It is, therefore, urged that the complaint be dismissed (a) because the court has no jurisdiction over the subject matter or (b) for failure to state a claim upon which relief can be granted.

It is undisputed that Arkansas A & M College is a body corporate chartered under the Laws of the State of Arkansas, maintained and operated under the supervision of a Board of Trustees and that Dr. Homer Babin is and was President of the College at the time of the alleged termination of the plaintiff as a member of the faculty. There is no question about the plaintiff, H. Brent Davis, having been employed as a member of the faculty of the College under a written contract commencing August 3, 1965, and continuing until May 31, 1966, at a salary of $6,000. It appears as a matter of fact that such employment was terminated October 31, 1965, in a letter dated October 29, 1965, from President Babin to

plaintiff Davis in accordance with a policy decision made by the Board of Trustees of the College at its scheduled meeting October 28, 1965.

The Court has the benefit of well prepared briefs by both parties and is impressed with the contention of each of the parties to this action. The Court is not persuaded from the record of the case that it is lacking in jurisdiction or that the complaint fails to state a claim upon which relief can be granted.

The Arkansas Agricultural and Mechanical College was created by the General Assembly of Arkansas, April 1, 1909, and is one of four schools divided into districts for the teaching of agriculture, horticulture, and the art of textile manufacturing. Ark.Stats.Anno. 80–3101–2.

The College was designated as the "Agricultural and Mechanical College" of the Fourth District of Arkansas by the General Assembly in 1925, governed by a Board of Trustees appointed by the Governor with specific powers and terms of office to provide a course of study in various fields of education. Ark.Stats. Anno. 80–3103–4.

The official name of the College became known and designated as "Agricultural and Mechanical College" by act of the legislature in 1939. Ark.Stats.Anno. 80–3106.

The Acts of the General Assembly of the State of Arkansas creating the College provided for a Board of Trustees with powers, authority and duty in the management, expansion, improvement and operation of the College which became a lawful corporate body. The Board of Trustees was authorized to make rules and regulations for the maintenance, development and operation of the college, including the employment of faculty and other employees. In providing a course of study the Board of Trustees was authorized to make provisions for students and their welfare and to perform any and all duties for the operation of the institution as a senior college. Ark.Stats. Anno. 80–3107, et seq., 80–3131.

■ The Court is of the opinion that it is a body "politic" with a board vested in corporate powers and as such may sue and be sued as a legal entity.

28 U.S.C.A. § 1343(3) provides the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

42 U.S.C.A. § 1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

28 U.S.C.A. § 1332(a) (1) provides that the district courts shall have original jurisdiction in civil actions of diversity of citizenship where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs.

Also, 28 U.S.C.A. § 1331(a) provides that the district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

■ From the record of the case it is undisputed that the plaintiff is a citizen of the State of Texas, and was at the time of the filing of this action. The amount in controversy as alleged in the complaint exceed the sum of $10,000, exclusive of interest and costs. In the opinion of the Court this is a diversity action and the amount in controversy brings it with-

**531**

in the jurisdiction of the Court. 28 U.S.C.A. § 1332(a) (1); Antelope v. George, 211 F.Supp. 657; Hague v. CIO, 101 F.2d 774, 789.

 The Court is of the opinion that this is a federal question in which the United States District Court has jurisdiction in that the allegations of the complaint brings it within the provisions referred to hereinabove, including rights, privileges and immunities under the Constitution and by the due process clause of the Fourteenth Amendment.

The question then evolved in this proceeding is whether or not there are present elements necessary to establish a claim for damages under civil rights laws. In a civil rights action where plaintiff seeks damages as well as injunctive relief, as in this case, the only elements necessary in order to establish a claim are (1) the conduct complained of was engaged in under color of State law and (2) that such conduct subjected the plaintiff to deprivation of rights, privileges or immunities secured by the Constitution of the United States. Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 646. Since the defendants were clothed with the authority of the State and purporting to act thereunder, such conduct was engaged in under color of State law. Marshall v. Sawyer, supra (cases cited therein).

It is undenied and the record is clear that the plaintiff publicly criticized certain actions in the treatment of prisoners in the State Penitentiary. It is apparent that the President of the College called the plaintiff to his office and in his capacity as President, acting by the authority of the Board of Trustees, cautioned the plaintiff, as a member of the faculty, against public statements critical of the treatment of prisoners. The record is clear that certain publicity occurred subsequently involving the plaintiff, which resulted in the action of the Board and subsequent dismissal of the plaintiff as a member of the faculty. The Court is of the opinion that such conduct subjected the plaintiff to deprivation of his position as a member of the faculty which raises a question that can be determined only by testimony as to the privileges or immunities secured by the Constitution.

It is admitted that this is an action in tort. As has been stated, this suit involves the deprivation of civil rights. An individual thus deprived is given a right of action at law. Such an action sounds in tort and exemplary or punitive damages may be awarded. Hague v. CIO, supra (cases cited therein, 101 F.2d page 789); Antelope v. George, supra; Monroe v. Pape, 365 U.S. 167, 168, 81 S.Ct. 473, 5 L.Ed.2d 492.

It appearing to the Court that it has jurisdiction of this case and that the complaint establishes a claim upon which relief can be granted, the motion to dismiss will be overruled.

It is, therefore, considered, ordered and adjudged that the motion to dismiss the complaint herein be and the same is hereby overruled.