J. Irwin Shapiro, J.
The New York City Commission on Human Rights (hereafter the “ Commission ”) brings this petition against the respondents, Knox Realty Corp., Henry Menneche, and Vera Menneche, under section Bl-9.0 of title B of chapter 1 of the Adiiiinistrative Code of the City of New York to enforce the November 13,1967 order of the Commission which directs that Knox Realty Corp., Henry Menneche and Vera Menneche:
1. Cease and desist from discriminating because of race, color, creed or national origin in the rental or sale of any housing accommodations, land or commercial space which they directly or indirectly supervise, manage or control; and
2. Offer to rent to complainant apartment 4A at 90-23 171st .Street, Jamaica, New York, or any other apartment in that building comparable in size and rental to said apartment 4A; and
3. Pay to complainant, Harris Pelton, the sum of $100, being compensation for the humiliation, outrage and mental anguish suffered by him as a direct result of respondents’ unlawful discriminatory practice.
*807 After seeing an advertisement in the Long Island Press for a furnished three-room apartment located at the premises here in question, complainant and his wife went to see the apartment on May 9, 1967, the same day that the advertisement appeared in the newspaper.
Respondent Henry Menneche told them that he had already taken two deposits on the apartment but the complainant and his wife, after seeing the apartment, said that they liked it and left their names and telephone number so that they could be contacted in the event that the other people changed their minds about taking the apartment. The respondent Henry Menneche agreed so to do but never contacted them.
The next day a white employee of Operation Open City went to the premises where she ascertained from Mrs. Menneche that the same apartment was available and the latter accepted a $10 deposit from her. Arrangements were then made for this employee to come back with her husband on Friday to sign the lease.
On Friday, May 12th, after a complaint had been filed with the petitioner, the premises were visited by the complainant together with a Commission investigator, who explained to Mrs. Menneche that she was interested in renting the apartment and that Mrs. Jacobson, who had given the deposit, was not. Rental was refused. A conference was held before the Commission on May 15, at which conciliation failed. A hearing was held before Commissioner David H. Litter, of the Commission on Human Rights of the City of New York, and after the hearing the order upon which this motion is based was made.
The question before this court on this application is whether the Commissioner’s finding that respondent engaged in unlawful discriminatory practices in their refusal to rent the apartment to complainant is based on sufficient evidence and whether the order made by the Commission should be enforced by this court.
In Matter of Newbrand v. City of Yonkers (285 N. Y. 164, 178) the court saidA court or referee has no power, however, [in an article 78 proceeding] to substitute new findings of fact based on evidence presented to it in place of findings made by the Board”. That rule is even more applicable here, for section Bl-9.0 of the New York City Administrative Code provides that: “The findings of the commission as to the facts shall be conclusive if supported by sufficient evidence on the record considered as a whole.”
No one can read the record in this case without coming to the conclusion that not only is there “ sufficient evidence on the *808 record considered as a whole ’ ’ to warrant the determination made, but it would seem clear that such a conclusion was inevitable. For this court to refuse to enforce the order made by the Commission on Human Eights of the City of New York would, in effect, be negating the very purpose of the law in creating the Commission and would effectually emasculate its ability to perform the duties which devolve upon it. (Cf. Matter of Holland v. Edwards, 307 N. Y. 38.)
As the court said in Phelps Dodge Corp. v. Labor Bd. (313 U. S. 177,194): “ The relation of remedy to policy is peculiarly a matter for administrative competence ”. Where an administrative agency, as here, has wide discretion to carry out policies promulgated by the statute which establishes it, a court would not be justified in interfering with such a determination unless the remedy has no reasonable relation to the unlawful practices felt to exist. (Siegel Co. v. Trade Comm., 327 U. S. 608.)
Section Bl-8.0 (subd. 2, par. c) (Procedure) of the Administrative Code provides: “ If, upon all the evidence at the hearing, the commission shall find that a respondent has engaged in any unlawful discriminatory practice * * * the commission shall state its findings of fact and shall issue and cause to be served on such respondent an order requiring such respondent to cease and desist from such unlawful discriminatory practice, and to take such affirmative action, including * * * payment of compensatory damages to the person aggrieved by such practice, as, in the judgment of the commission will effectuate the purposes of this title.”
Among other things, mental anguish and suffering are proper elements of damage to be taken into consideration where persons aggrieved have been deprived of their undoubted basic civil rights. (Antelope v. George, 211 F. Supp. 657 [U. S. Dist. Ct., Iowa]; Solomon v. Pennsylvania R. R. Co., 96 F. Supp. 709; Herman v. Booth, N. Y. L. J., Dec. 26, 1967, p. 13, col. 5; contra, Matter of Weynberg v. City of New York Comm, on Human Rights, 56 Misc 2d 1.) And where, as here, the order made by the Commission for compensatory damages rests on a statutory base, it should not be interfered with by the court, in the absence of an improper exercise of discretion by the Commission. I find no such abuse of discretion here.
The Commissioner was fully justified in the order made by him for the record substantially indicates that the respondents attempted to apply standards and qualifications for the rental of their apartment to Mr. Pelton because he was a Negro and did not use the same standards for the white applicant.
The motion is in all respects granted. Settle order.