Henry J. Latham, J.
This is a special proceeding, pursuant to section Bl-9.0 of the Administrative Code of the City of New York, to enforce the order of the New York City Commission on Human Rights, dated November 21, 1967, which provided that the respondents
“1. Cease and desist from discriminating because of race, color, creed or national origin in the rental or sale of any housing accommodation, land or commercial space which they directly or indirectly supervise, manage or control; and
“ 2. Offer to rent to complainant Harris Pelton an unfurnished three or three and a half room apartment in respondent corporation’s building located at 162-11 89th Avenue, Jamaica, New York; and
‘ ‘ 3. Pay to complainant Harris Pelton the sum of $100.00 as and for compensation for the humiliation, outrage and mental anguish suffered by him as a direct result of respondents’ unlawful discrimination. ’ ’ Respondent John Joyce has not been served with the papers in this proceeding and, accordingly, the relief applied for by the commission with respect to this respondent is denied.
Respondents Hardenbrook Realty 'Corp. and Abraham A. Becker cross petition, pursuant to the same section, to review the determination and to vacate the order of the commission or, in the alternative, ‘ ‘ modifying the same to eliminate the provision of payment of $100.00, to eliminate the provision for renting to the complainant another three (3) or three and a half (3%) room apartment, and further in the alternative, limiting such direction for offer by requiring the complainant to exercise his right of rental by certified mail, within five (5) days after sending to him by certified mail of an offer to rent, addressed to him at 378 West 125th Street, New York, New York ”.
On May 31,1967, one Harris Pelton filed a complaint with the commission in which he alleged that respondents refused to *432 rent an apartment at the premises 162-11 89th Avenue, Jamaica, New York, to him because he was a Negro. Section Bl-9.0 of the Administrative Code of the City of New York provides that “ The findings of the commission as to the facts shall be conclusive if supported by sufficient evidence on the record considered as a whole.” A perusal of the instant record reveals that the commission’s determination is supported by sufficient evidence.
Respondents’ contention that the actions of the superintendent of the building or of his wife are not, without respondents’ knowledge, binding upon them is not well taken. The refusal by an “ owner * * * or any agent or employee thereof ” to rent or lease a housing accommodation to a person because of race, creed, color or national origin constitutes an unlawful discriminatory practice. (Administrative Code, § B1-7.0, subd. 5, par. [a], cl. [1].) In Matter of State Comm. for Human Rights v. Suburban Assoc. (55 Misc 2d 920), the court, confronted with a similar contention, stated: ‘ ‘ Under certain regulatory statutes where compliance is an absolute obligation of every person subject thereto, an employer may be held to be answerable for the acts of an employee even though committed without the employer’s knowledge or consent or even against his direct prohibition. The overriding public policy that dictated enactment of the legislation would be frustrated if corporations or employers could evade their responsibility by claiming a challenged act was unauthorized. The statute imposes a duty which is nondelegable. The employer must remain responsible for the manner in which the business is conducted (cf. People ex rel. Price v. Sheffield Farms Co., 225 N. Y. 25; Cha-Kir Realty Corp. v. Sanchez, 183 Misc. 427).”
With respect to the requirement that respondents pay to the complainant the sum of $100 as compensation for the humiliation, outrage and mental anguish suffered by him as a result of the' discrimination practiced against him, the court is cognizant of the differences of opinion on the issue of whether such damages are recoverable. (Cf. Matter of Comm. on Human Rights of City of N. Y. v. Knox Realty Corp., 56 Misc 2d 806 and Herman v. Booth, N. Y. L. J., Dec. 26, 1967, p. 13, col. 5 with Matter of Weynberg v. City of New York Comm. on Human Rights, 56 Misc 2d 1.) No appellate determination has been made with respect to this controversy. The facts of the instant case, however, reveal that such damages are not warranted nor do they bear a reasonable relation to the discriminatory practices. It is clear that complainant Pelton has been canvassing the area in which the subject premises is located. He has made *433 approximately 10 applications for apartments and, within a one-month period, has twice appeared before the commission, obtaining against another landlord on the first appearance an award of $100 compensatory damages. No one should be encouraged to make a business of collecting damages in the nature of fines.
Eespondents oppose the requirement that the complainant be offered an unfurnished three or three and one-half-room apartment at the subject premises since the same complainant has already obtained an order, in another proceeding before the commission, requiring a different landlord to offer an apartment to him. (Matter of Comm. on Human Rights of City of N. Y. v. Knox Realty Corp., supra.) The Appellate Division for the Second Department has, in Matter of State Comm. for Human Rights v. Lieber (29 A D 2d 663), indicated its position on this issue, stating: 1 ‘ The order of the commission directed respondent Lieber to notify the complainant of the first available three-room vacancy in any specified building owned by Lieber. The court noted in its opinion that another order which the commission had issued, containing a similar directive against different landlords in favor of this same complainant (Matter of Lawrence Gardens v. State Comm. for Human Rights, 53 Misc 2d 20, affd. sub nom. Matter of State Comm. for Human Rights v. Lawrence Gardens, 28 A D 2d 1139), might lead to ‘ a strange and illegal state of preferment However, the order of the commission in the case at bar is clearly designed to effectuate the policy of article 15 of the Executive Law (Law Against Discrimination) and the remedy granted bears a reasonable relation to the unlawful discriminatory practices found to exist. The mere fact that similar relief was granted by another order of the commission does not render the instant order improper (Matter of Holland v. Edwards, 307 N. Y. 38, 46.) ” The order, however, is too broad since there is no limitation upon the complainant’s time to refuse the offer. (See Matter of Weynberg v. City of New York Comm. on Human Rights, supra.) Accordingly, the cross petition is granted to the extent of modifying the order by adding the following to the second decretal paragraph: ‘ ‘ The complainant, Harris Pelton, shall exercise his right of rental by certified mail within five days after sending to him by certified mail an offer to rent, addressed to him at 378 West 125th Street, New York, New York ” and by striking the third decretal paragraph. In all other respects, the cross petition is denied. The petition is granted as modified above.