John W. Sweeny, J.
Betty Lingle and Joan Skinner were employed by the Arrow Company, a division of Cluett, Peabody & Co., Inc., at Chester, New York. The women were members of the Amalgamated Clothing Workers of America and were subject to the provisions of a collective bargaining agreement between the company and the union. They filed a grievance with the company on June 20, 1968, contending that they were victims of ‘ ‘ abuse of seniority rights, and the further abuse of equalization rights, human rights, National Labor Eelations Laws, and discrimination”. Over a month later, on July 31, 1968, both employees filed complaints with the State Division of Human Eights, alleging that Arrow had discriminated against them by terminating their employment because of their sex. The division found probable cause for the complaints but withheld further action, at the request of the complainants, pending the outcome of the grievance procedure.
Hnder the collective bargaining agreement both employer and employee were bound to arbitrate ‘ ‘ Any complaint, grievance or dispute arising out of or relating to the provisions of this Agreement, or the interpretation or performance thereof” (art. XIII, par. B), and the grievance procedure was established as the exclusive means for resolving such a dispute (id., par. D). After informal negotiations proved unavailing, the union’s general counsel served written notice on Arrow that it would arbitrate the Lingle and Skinner grievance and that an award e‘ directing reinstatement * * * with full back pay for all time lost and any other award that the arbitrator may deem appropriate ” would be sought. The matter proceeded to hearing and the arbitrator rendered a decision denying Betty Lingle and Joan Skinner the relief they sought. He found that neither woman had the seniority she claimed, because each was a production employee, not a warehouse employee, the latter group being limited to males. The arbitrator found that as a matter of practice in the industry different seniority lists were maintained for different job classifications, the lists being limited to those who had the required physical skills and training to fill the job involved. Noting that he had no authority to determine whether the Human Eights Law (Executive Law, *538 art. 15), had been violated by excluding women from the physically demanding job of warehouse employee, the arbitrator found that the classification was a reasonable one that was not discriminatory and did no violence to the seniority system established by the collective bargaining agreement.
Because the State Division of Human Rights notified Arrow that it planned to begin hearings on the complaints filed with it by Lingle and Skinner after the arbitrator’s decision was filed, Cluett, Peabody & Co., Inc., brought this action for a judgment declaring that the Division lacked jurisdiction to proceed and that the arbitrator’s decision precludes further proceeding. The Division has moved to dismiss the complaint for legal insufficiency.
The basic position of the plaintiffs is that their disgruntled employees elected their remedy by pressing their claims of discrimination in the arbitration proceeding and, they argue, the employees may not now relitigate the same issue before the Human Rights Commission. The victim of a discriminatory practice is “free to determine for himself the remedy for redress of his grievance — which might take the form of a complaint to the State Commission for Human Rights or an action for damages under the Civil Rights Law” (Gaynor v. Rockefeller, 15 N Y 2d 120, 129). Once the election is made further proceedings in another forum are prohibited. Thus, if the complainant first commences a proceeding before the commission, a ‘ ‘ final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned. If such individual institutes any action based on such grievance without resorting to the procedure provided in this article, he may not subsequently .resort to the procedure herein”. (Executive Law, § 300.) The issue is whether the arbitration proceeding was an action that bars resort to a proceeding before the commission. I hold it was not.
The arbitrator said, and quite properly, that he had no authority to determine whether the Human Rights Law had been violated. Indeed, had he found a violation, he would have been without authority to impose punishment or regulate conduct as the commission might have done in a proceeding before it. (Executive Law §§ 297, 298.) Since it does not appear that an action for a penalty and damages is authorized by the Civil Rights Law (§ 41) for the type of discrimination allegedly involved in this case, the complainants were powerless to elect such a remedy. Their claim for back pay based on their employment contract cannot be characterized as the type of action that *539 was declared by the Legislature to be a bar to pressing a claim of discriminatory practice. If the complainants have an action for compensatory damages based on discrimination, they have not pursued it; and, it may be that the exclusive remedy for the wrong complained of is a proceeding before the commission. (Cf. Bachrach v. 1001 Tenants Corp., 21 A D 2d 662, revg. 41 Misc 2d 512; see, also, Redd v. Zier, 229 N. Y. S. 2d 582.) In either event the commission may proceed with the complaints of plaintiffs ’ employees. The motion is granted.