In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, *v.* ROCCO LUPPINO et al., Respondents.

STATE COMMISSION FOR HUMAN RIGHTS, on the Complaint of NEW YORK URBAN LEAGUE and JOHN GAYNUS, as Director of Operation Open City, Petitioner, *v.* EDMUND M. SPEER, JR., as Trustee under the Will of EDMUND M. SPEER, Deceased, et al., Respondents.

Second Department, July 27, 1970.

*Henry Spitz* (*Alan J. Saks* of counsel), for petitioner in the first proceeding.

No appearance for Rocco Luppino and others, respondents.

*Alexander A. Kolben* for New York Urban League and another, petitioners in the second proceeding.

*J. Lee Rankin, Corporation Counsel* (*Stanley Buchsbaum* and *Franklin E. White* of counsel), for New York City Commission on Human Rights, *amicus curiæ*.

No appearance for Edmund M. Speer, Jr., and others, respondents.

MARTUSCELLO, J. The question which is common to both of these proceedings is whether the State Division of Human Rights has the authority to order payment of damages for mental anguish and pain and suffering where the Division has made a determination of an unlawful discriminatory practice in housing. The *Speer* case also raises the question of whether the State Division has the authority in such a case to order payment of attorney's fees of a complainant.

In *Luppino*, the administrative proceeding was commenced on a complaint by one Azel L. Nolen charging that the respondents had discriminated against him in the rental of an apartment because of his race. A hearing was ordered and upon the evidence adduced thereat the hearing examiner found that the allegations of the complaint were true. Aside from issuing a cease-and-desist order, as well as certain other directives to insure that in the future the respondents will not discriminate, the Commissioner of the State Division of Human Rights handed down an order directing the respondents to pay Nolen $500 as compensatory damages. The order was issued upon a determination of the hearing officer that Nolen had sustained uncompensated damages as a direct result of the discriminatory practice. The hearing officer had so found despite a complete absence of any proof of damages.

The respondents failed to avail themselves of their right to appeal to the State Human Rights Appeal Board and they have not complied with the Commissioner's order. The State Division now asks this court to enforce the order, as we are empowered to do by section 298 of the Executive Law. Under that section we are empowered to enforce, modify, enforce as modified, or set aside an order of the Commissioner.

In *Speer*, after a complaint was filed and a hearing held which resulted in the hearing officer's finding of discrimination, the Commissioner issued appropriate directives, including a cease-and-desist order. He also directed that the respondents pay $500 legal fees to complainant New York Urban League, which had supplied an attorney to prosecute the complaint, and

$500 as compensatory damages to complainant John E. Gaynus for the pain and suffering he had endured as a result of the respondents' discrimination in connection with the rental of premises. Here, too, the award was made despite the complete absence of any evidence of damages.

Thereafter, the *Speer* case was appealed, pursuant to section 297-a of the Executive Law, to the Human Rights Appeal Board. The board modified the Commissioner's order by deleting the monetary awards and, as so modified, affirmed the order and the finding of discrimination.

The Appeal Board said in its decision, *inter alia*:

"However, with regard to Decretal paragraph 2c, wherein the sum of $500 is awarded as attorney's fees we find no warrant for such a provision in the statute. Accordingly such paragraph must be stricken from the order.

"Similarly with regard to Decretal paragraph 2d which directs respondents to pay to complainant John E. Gaynus as compensatory damages the sum of $500 for the pain and suffering that he has endured in this case, we hold that such an award is not an award contemplated by the statute. We do not believe that the award is excessive, nor in our opinion is it adequate to compensate one who has been unlawfully discriminated against. Our position is that compensatory damages refers to out of pocket damages caused by respondents who have engaged in unlawful discriminatory practices."

The complainants in *Speer* now seek judicial review, pursuant to section 298 of the Executive Law, of the modification of the Commissioner's order.

An examination of the record in *Luppino* establishes that there is sufficient evidence to support the finding of discrimination and thus we order enforcement of the " cease-and-desist " part of the Commissioner's order and paragraphs (b), (c) and (d) of the " affirmative action " part thereof. This court will grant an order enforcing the above-mentioned decretal paragraphs as of the date of the Commissioner's order and not as of the date of our order, as is requested by the State Division, since there is no statutory authorization which permits this court to extend the time period provided in the Commissioner's order. This court, however, will not enforce that part of the order in *Luppino* which directs the payment of $500 as compensatory damages to Nolen.

In *Speer* we affirm the modification by the Appeal Board and hold that the Commissioner has no power to award either attorney's fees to complainants or monetary damages for mental anguish or pain and suffering.

Subdivision 4 (par. c, cl. [iii]) of section 297 of the Executive Law empowers the Commissioner to award "compensatory damages to the person aggrieved by such practice, as, in the judgment of the division, will effectuate the purposes of this article". The Administrative Code of the City of New York, in chapter I, title B, section B1-8.0 (subd. 2, par. c) provides for the awarding of compensatory damages in discrimination cases in language identical to that contained in the Executive Law. In *Matter of Comm. on Human Rights of City of N. Y. v. Knox Realty Corp.* (56 Misc 2d 806) and in *Herman v. Booth* (N. Y. L. J., Dec. 26, 1967, p. 13, col. 5) it was held that damages for mental anguish were proper elements of compensatory damages in housing discrimination cases. On the other hand, in *Matter of Weynberg v. City of New York Comm. on Human Rights* (56 Misc 2d 1) and in *Matter of Comm. on Human Rights of City of N. Y. v. Hardenbrook Realty Corp.* (57 Misc 2d 430) it was held that it is clear that the damages intended to be compensated were actual monetary losses sustained by the complainant and not subjective injuries.

In *Matter of State Div. of Human Rights v. Gorton* (32 A D 2d 933) this court refused to enforce an order of the Commissioner which had awarded the complainants compensatory damages and reasonable attorney's fees. There was a complete absence of proof of damages and we felt that attorney's fees should not be awarded in these cases. The State Division has a staff of competent attorneys to aid potential complainants and thus it is not necessary to retain private counsel to obtain relief from that agency.

It is beyond dispute at this time that mental anguish, pain and suffering and mental distress are elements of compensable damages which are recoverable in a civil action (*Gillespie v. Brooklyn Hgts. R. R. Co.*, 178 N. Y. 347; *Battalla v. State of New York*, 10 N Y 2d 237; *Halio v. Lurie*, 15 A D 2d 62).

It is equally clear that any person claiming to be aggrieved by an unlawful discriminatory practice has a cause of action in any court of appropriate jurisdiction for damages he has sustained (Executive Law, § 297, subd. 9). Thus, the complainants in either of the cases herein could have brought a civil action to recover all of their damages, including pain and suffering and mental anguish and distress caused by the respondents' actions.

Subdivision 9 of section 297 of the Executive Law further provides that where a person has filed a complaint with the Division of Human Rights he is precluded from bringing an action in court on that same claim. The section goes on to

state that where a person has commenced an action in court on a claim of discrimination he is precluded from seeking administrative relief from the Division of Human Rights.

I am of the opinion that in enacting section 297 (subd. 4, par. c, clause [iii]; and subd. 9) of the Executive Law, the Legislature intended to give individuals a choice. They could either elect to sue in court and recover all damages which they could establish, including mental anguish, or they could elect to seek administrative relief under the Human Rights Law (Executive Law, art. 15). By electing to seek this latter relief, complainants may obtain directives and orders which will benefit both themselves and others in their position, but they limit their recovery for damages to actual out-of-pocket expenses.

By requiring an election of remedies the Legislature has manifested its intention to limit persons to actual out-of-pocket damages when they elect the administrative remedy. If the agency had the power to award damages for pain and suffering and mental anguish and distress, there would be no reason for permitting a person to seek relief in court.

Aside from the above, there are certain practical problems which must be considered. In order to recover for mental anguish and distress one must establish that he has in fact sustained such damages. In *Halio* v. *Lurie* (15 A D 2d 62, *supra*) we noted that where recovery is permitted for mental injury there is a danger of vexatious suits and fictitious claims. Such injury is easily simulated and recovery should be permitted only upon satisfactory evidence. In establishing a claim of mental injury a plaintiff may have to present expert medical witnesses who give complicated and complex testimony which is best resolved by a jury under instructions from the court or by the court alone. The fact that in both of the cases under consideration there was a complete absence of any proof to sustain an award for mental anguish demonstrates the difficulties which would be encountered were the Division of Human Rights empowered to award damages for mental anguish.

Finally, there is one other consideration which has led me to the conclusion that the term "compensatory damages" in the Executive Law is limited to actual out-of-pocket expenses. The Human Rights Appeal Board in the *Speer* proceeding took the position that the Commissioner is not empowered to award damages for either mental anguish or legal fees. In interpreting statutes empowering administrative agencies, the interpretation given by the agency is an element to be considered and it is often given great weight (*Ferraiolo* v. *O'Dwyer,* 302 N. Y. 371, 376; *People* v. *Dilliard,* 252 App. Div. 125).

Accordingly, in *Luppino* the Commissioner's order should be modified, on the law, by striking therefrom paragraph (a) of the " affirmative action " part; and, as so modified, it should be enforced, without costs. In *Speer* the order of the Human Rights Appeal Board should be affirmed insofar as it was brought up for review, without costs.

HOPKINS, Acting P. J. (concurring in part and dissenting in part). I concur in the opinion of Mr. Justice MARTUSCELLO in *Luppino*. I dissent in *Speer* and vote to remand the matter to the Human Rights Appeal Board for reconsideration consistent with the views which are expressed beyond.

Article 15 of the Executive Law provides a remedy for discriminatory practices defined therein — a remedy not theretofore existing for a practice not theretofore considered to be actionable. But by the statute our public policy declared that racial discrimination in certain types of housing accommodations threatened the peace and order of the State, as well as its democratic principles (Executive Law, § 290). In fact, the enjoyment of those housing accommodations was statutorily framed as a civil right, the violation of which would lead to the enforcement of the remedies stated in the legislative act (Executive Law, § 291).

The aim of the law was manifestly to achieve the social objective of deterring racial discrimination in housing by providing a civil remedy against the transgressor for the benefit of the injured party. The law empowered the Commissioner of the Division of Human Rights, upon a finding of discriminatory practices directed toward a complainant, to impose a variety of sanctions against the actor, among which was the " awarding of compensatory damages to the person aggrieved by such practice, as, in the judgment of the division, will effectuate the purpose of this article " (Executive Law, § 297, subd. 4, par. c, clause [iii]).

We must read the term " compensatory damages " in the light of settled precedent. Both within the ambits of tort law (*Halio* v. *Lurie,* 15 A D 2d 62) and contract law (*Aaron* v. *Ward,* 203 N. Y. 351), it has been held that an award for mental anguish arising from humiliation represents compensatory damages for a breach of the duty owing to the injured party. The violation of a civil right under the Executive Law may be categorized as a wrong — whether as a new form of a tort created by statute, or as simply the means whereby socially inimical behavior is penalized, is not necessary now to be decided. All that need be determined presently is whether the Commissioner of the Division of Human Rights could fairly

make an award for mental anguish due to the conduct condemned by the statute.

Nothing in the statute suggests that the Commissioner was shorn of the power to make such an award; there is no exception carved out of the term "compensatory damages", removing his power to give an award for mental suffering as a traditional component of fair compensation. Nor do I think that the alternative remedy presented to the victim of discrimination by subdivision 9 of section 297 of the Executive Law furnishes any reason for an implied disavowal of that power in the Commissioner by the Legislature.

Subdivision 9 of section 297 merely allows an action by the complainant "for damages", or for such other remedies as may be appropriate, unless the complainant has filed a claim of a violation under the statute with the Commissioner, in which event the complainant is relegated to the proceedings before the Commissioner. I cannot read into that provision any inkling that an award for mental suffering, as distinguished from other elements of compensatory damages expressly sanctioned as a method of enforcement by the Commissioner, was thereby eliminated from the jurisdiction of the Commissioner. To the contrary, it seems to me that the complainant is afforded the choice of either proceeding administratively before the Commissioner or instituting an action in the courts. The statute does not dilute the one remedy by making available the other.

Hence, in my opinion the Human Rights Appeal Board was in error in *Speer* in striking the award of the Commissioner for mental anguish because it was beyond his power. The matter should therefore be remanded to the Appeal Board with a direction to review the record to determine whether the award was justified by the evidence before the Commissioner.

In *Luppino,* where no appeal was taken to the Human Rights Appeal Board, I agree with my brothers that the record discloses no proof of damages (cf. Executive Law, § 298). The proof of discrimination alone is not enough to found a claim for damages for mental anguish. There should be such evidence of the claim as would be sufficient in a common-law action (cf. *Halio* v. *Lurie,* 15 A D 2d 62, *supra;* Restatement, Torts 2d, §§ 46, 47; Prosser, Torts [1st ed.], § 34, p. 212). Failing that evidence, the award cannot be sustained.

MUNDER, LATHAM and BRENNAN, JJ., concur with MARTUSCELLO, J.; HOPKINS, Acting P. J., concurs in *Luppino* and dissents in *Speer* in a separate opinion.

Order modified, on the law, in *Luppino* by striking therefrom paragraph (a) of the "affirmative action" part, which para-

114

graph awarded compensatory damages against respondents; and respondents are directed to comply with the order as so modified herein, without costs.

Order of the Appeal Board affirmed, in *Speer,* insofar as it was brought up for review, without costs.