**Ramon COLON, Plaintiff,**

v.

**STATE OF NEW YORK, DIVISION OF HUMAN RIGHTS, et al., Defendants.**

**No. 72 Civ. 3421.**

United States District Court, S. D. New York.

Jan. 5, 1973.

**344**

Wolf & Katz, New York City, by Edward H. Wolf, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, by Stephen P. Seligman, Asst. Atty. Gen., for defendants.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff, a retired employee of the Division of Human Rights of the State of New York ("Human Rights Division"), instituted this action on August 11, 1972, pursuant to 42 U.S.C. §§ 1981 and 1983, claiming a denial of equal protection of the law under the 14th Amendment to the United States Constitution due to discrimination by defendants in denying him equal terms, conditions, and rights of promotion because of his national origin. He named as defendants the Human Rights Division; Mr. Jack M. Sable, Commissioner; Mr. Ruberto Ruiz, Assistant Commissioner; and Mr. Robert J. Mangum. Plaintiff alleges (1) that he filed a verified complaint on October 20, 1971 with the Human Rights Division, charging it with unlawful discriminatory practices relating to his employment; and (2) that his complaint was dismissed pursuant to New York Executive Law § 297, subd. 2 on the ground that the Human Rights Division did not take jurisdiction in cases in which discrimination is charged against the persons who would be called on to investigate or determine the charges.

Plaintiff contends that § 297, subd. 2 is an unconstitutional denial of equal protection in that it allows the Human Rights Division to refuse to accept jurisdiction in cases involving its own employees.

Plaintiff seeks an order requiring defendants to promote him retroactively from Field Representative to a policy-making position and to award him back pay and damages in the amount of $1,-000,000, and full pension benefits. Jurisdiction is claimed under 28 U.S.C. § 1331.

Defendants move for an order granting judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

From the affidavits submitted—both by defendants and by the plaintiff—it appears that the following facts are undisputed: Plaintiff, who is of Puerto Rican origin, was hired as a provisional

Field Representative for the Human Rights Division in 1964. In 1965 he was appointed a permanent Field Representative and continued to be employed in that position until May 1, 1972, when he retired, having reached the mandatory retirement age of 70. On July 1, 1970, and on other occasions, plaintiff requested promotion to a policy-making position in the Human Rights Division, which requests were denied. The Human Rights Division's Determination on November 5, 1971 that it lacked jurisdiction over plaintiff's complaint was upheld by the New York State Human Rights Appeal Board on December 31, 1971. Thereafter, plaintiff sought judicial review pursuant to § 298 of the New York Executive Law. The agency determination was affirmed by the Appellate Division, First Department, on April 13, 1972. It appears from the papers submitted that the Human Rights Division does employ Puerto Rican and Spanish-speaking persons in policy-making positions, including one of the named defendants.[1]

The narrow issue presented here is whether § 297, subd. 2 of the New York Executive Law is constitutional. Section 297, subd. 2 provides:

. "Within fifteen days after a complaint is filed, the division shall determine whether it has jurisdiction and, if so, whether there is probable cause to believe that the person named in the complaint, hereinafter referred to as the respondent, has engaged or is engaging in an unlawful discriminatory practice. If it finds with respect to any respondent that it lacks jurisdiction or that probable cause does not exist, the commissioner shall issue and cause to be served on the complainant an order dismissing such allega-

tions of the said complaint as to such respondent."

This subsection is part of the larger statutory scheme contained in § 297, which provides that:

"1. Any person claiming to be aggrieved by an unlawful discriminatory practice may, by himself or his attorney-at-law, make, sign and file with the division a verified complaint in writing which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice complained of . . . .

\*　\*　\*　\*　\*　\*

"9. Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder . . . provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed."

In State Division of Human Rights v. Luppino, 35 A.D.2d 107, 313 N.Y.S.2d 28 (2d Dept. 1970), aff'd, 29 N.Y.2d 558, 324 N.Y.S.2d 298, 272 N.E.2d 885 (1971), the court held that "in enacting section 297 . . . of the Executive Law, the Legislature intended to give individuals a choice. They could either elect to sue in court and recover all damages which they could establish . . . or they could elect to seek administrative relief under the Human Rights Law." 313 N.Y.S.2d at 32. See Cluett, Peabody & Co. v. New York State Division of Human Rights, 59 Misc.2d 536, 299

1. Attached to Commissioner Jack Sable's affidavit in support of the present motion is a letter from Mr. Robert J. Mangum to plaintiff, dated September 10, 1970. That letter lists five Spanish-speaking and Puerto Rican persons employed by the Human Rights Division in policy-making positions: Mr. Ruberto Ruiz, Mr. William Vega, Mr. Antonio Sirvent, Mr. George Benitez, and Mr. Jose Torres.

N.Y.S.2d 974 (Sup.Ct. Orange Cty. 1969).

 On its face, § 297, subd. 2 is nondiscriminatory. The Human Rights Division's policy not to take jurisdiction in cases involving its own employees is reasonable and rationally-based, operating equally with respect to all of its employees. Moreover, the policy only precludes administrative action; it does not preclude the institution of a suit in the New York State courts. Therefore, § 297, subd. 2 is a proper exercise of state power and is not arbitrary nor capricious. See Dandridge v. Williams, 397 U.S. 471, 485–487, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). See also Jefferson v. Hackney, 406 U.S. 535, 545–551, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972); Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 172–173, 92 S.Ct. 1400, 31 L.Ed. 2d 768 (1972). Nor has plaintiff here set forth facts sufficient to demonstrate that his nonpromotion was arbitrary, capricious, or constituted a violation of his civil rights. The bare assertion of legal conclusions is not enough. Powell v. Workmen's Compensation Board, 327 F. 2d 131, 137 (2d Cir. 1964); Powell v. Jarvis, 460 F.2d 551, 553 (2d Cir. 1972). Since plaintiff fails to raise a substantial federal question, his complaint is dismissed.[2] Christman v. Skinner, 468 F.2d 723 (2d Cir. 1972).

Defendants contend that plaintiff's action is barred by the 11th Amendment to the United States Constitution. They argue that any injunctive or declaratory relief would be moot due to plaintiff's retirement and that a federal court, absent New York State's consent, is without jurisdiction to enter a judgment declaring a liability which must be met from the public funds of the state. See Rothstein v. Wyman, 467 F.2d 226, 236–239 (2d Cir. 1972). Because of the above

disposition of defendants' motion, it is not necessary to reach this issue.

For the foregoing reasons, defendants' motion for summary judgment is granted and plaintiff's complaint is dismissed.

It is so ordered.

---

2. Since promotion or nonpromotion of employees is a matter of supervisory discretion, Gnotta v. United States, 415 F.2d 1271, 1276 (8th Cir. 1969), cert. denied, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970), particularly when promotions are to policy-making positions, it did not constitute a deprivation of due process for the Human Rights Division to decline to state its reasons for promoting others than the plaintiff.