Elliott H. VELGER, Plaintiff,

v.

Donald F. CAWLEY, Police Commission-
er, City of New York, et al.,
Defendants.

No. 73 Civ. 2350.

United States District Court,
S. D. New York.

Oct. 31, 1973.

Samuel Resnicoff, New York City, for plaintiff.

Norman Redlich, Corp. Counsel, New York City, for defendants.

GURFEIN, District Judge:

This is an action against the Police Commissioner of the City of New York

and other city officials by Elliott H. Velger who alleges that he was a Patrolman Trainee employed by the Police Department and that he was discharged without a hearing and without stated reasons other than his "capacity having been unsatisfactory to the Police Commissioner."[1]

He claims federal question jurisdiction, 28 U.S.C. § 1331, violation of constitutional rights under the 14th Amendment, and deprivation of constitutional rights under 28 U.S.C. § 1343(3) and (4). He seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202, and Fed.R. Civ.P. 57, and injunctive relief under 42 U.S.C. § 1983.

The defendants have moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The plaintiff moves under 28 U.S.C. §§ 2281 and 2284 for an order to convene a three-judge court to declare Section 63 of the New York State Civil Service Law, McKinney's Consol.Laws, c. 7, unconstitutional.

The complaint alleges that the plaintiff successfully competed in an open competitive written examination for "Patrolman, Police Trainee," and was duly appointed from an eligible list established by the New York City Civil Service Commission as a result of such examination on January 31, 1970. On that day, the plaintiff purchased $500 worth of necessary equipment, gear and uniform and enrolled in the John Jay College of Criminal Justice and Long Island University. On February 16, 1973, after three years of employment, the plaintiff received a notice of termination from the Police Department. At the time of his dismissal, he was earning $11,200 per annum. As a result of his dismissal he was forced to quit the colleges where he was studying for a Police

Science Degree, and both Universities are now claiming reimbursement.

He alleges that: 1) the refusal to afford him a hearing is a denial of due process; 2) the refusal to state the reason for his dismissal makes it impossible for the plaintiff to determine whether his civil rights have been violated; 3) his property right to his position has been summarily taken away, as a result of which dismissal "plaintiff's name has been placed on a list which disqualifies him from competing in Civil Service Examinations for employment in the City and State of New York for at least one year."

The plaintiff seeks the following relief:

1) Mandamus directing the defendants to reinstate plaintiff to his quondam position;

2) A declaratory judgment that he has been denied procedural due process;

3) A temporary restraining order restraining the defendants from continuing to refuse to employ him;

4) A preliminary and permanent injunction to the same effect;

5) A final judgment annuling his dismissal;

6) Money damages; and

7) Alternative relief that may be proper.

It may be noted that the complaint does not attack the constitutionality of Section 63 of the New York Civil Service Law. Plaintiff seeks to do this only by the motion which asks for the convening of a three-judge court. That is not sufficient. A three-judge court may be convened only when the complaint justifies it. "The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint." Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933). See Bartlett & Co.

---

1. Since the complaint was filed it has been discovered that Velger was no longer a trainee but that he had been appointed a "Patrolman on Probation."

Grain v. State Corporation Commission, 223 F.Supp. 975, 980–987 (D.Kansas, 1963); Silver v. Queen's Hospital, 53 F.R.D. 223 (D.Hawaii 1971). In any event, the attack on Section 63 of the New York Civil Service Law as unconstitutional based on "[t]he claim that the appointment of provisional and probationary employees not entitled to the protection of tenure is irrational is too frivolous to warrant discussion." Russell v. Hodges, 470 F.2d 212, 218 n. 6 (2 Cir. 1972). Since the Court of Appeals for this Circuit has already held the contention of the plaintiff "frivolous," there is no need to convene a three-judge court to consider it. Ex parte Poresky, supra; Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).[2]

■ Turning to the motion to dismiss, there is jurisdiction, based in part upon an alleged violation of the plaintiff's civil rights, 42 U.S.C. §§ 1981 and 1983, and the plaintiff need show no exhaustion of State administrative remedy. See Preiser, Correction Commissioner, et al. v. Rodriguez et al., 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). But cf. Burger, C. J., dissenting in Perry v. Sindermann, 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). He must, however, show standing based upon State law and a violation of due process under the Federal Constitution.

The Supreme Court has recently considered the elements of tenure which make it necessary to afford procedural due process to an employee, such as notice and the right to a hearing. Board of Regents v. Roth, 408 U.S. 564, 92 S. Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, supra.

In Roth, the Court held "that the Constitution does not require opportunity for a hearing before the nonrenewal of a nontenured teacher's contract, unless he can show that the decision not to rehire

him somehow deprived him of an interest in 'liberty' or that he had a 'property' interest in continued employment, despite the lack of tenure or a formal contract." See Perry v. Sindermann, 408 U.S. at 599, 92 S.Ct. at 2698.

In the case at bar the plaintiff had no contractual tenure. He was appointed as a police trainee on January 13, 1970. He was appointed to the position of "Patrolman on Probation in the Police Department of the City of New York" on August 18, 1972. At the termination of six months probationary service, he was discharged without a specification of charges or a hearing.

■ The Supreme Court has explained that a mere "unilateral expectation" of continued employment was not "property," and would not trigger due process guarantees. Perry v. Sindermann, supra, 408 U.S. at 603, 92 S.Ct. 2694; see Russell v. Hodges, supra, 470 F.2d at 216. His claim of tenure must be based upon State law. Board of Regents v. Roth, 408 U.S. at 578, 92 S.Ct. 2701.

■ The New York courts have held that the Police Commissioner has power to determine whether or not a probationary patrolman is to receive permanent appointment, that the sole requirement in making the decision is that the Commissioner act in good faith, and that a hearing is not required. Matter of Going v. Kennedy, 5 A.D.2d 173, 178; 170 N.Y.S.2d 234 (1958). Since, as a matter of State law, the probationary patrolman has no legitimate expectation of tenure, he has no such "property" right as the Supreme Court defined in Roth.

■ The plaintiff seeks to counter the conclusion that he was merely a "patrolman on probation" by pointing out that the public notice of examination for "Patrolman, Police Trainee (Police De-

---

2. Belatedly, even later than his motion to convene a three-judge court to declare Section 63 of the Civil Service Law unconstitutional, he now in his brief seeks to challenge Section 3 of the Public Officers Law, Mc-

Kinney's Consol.Laws, c. 47, on the ground that the requirement that the appointee attain the age of 21 years violates due process. That is not a proper way to raise the issue.

partment)" recites that "[A] Police Trainee will receive a regular appointment as a Patrolman on reaching his 21st birthday, or as shortly thereafter as practicable, without taking any further written or physical tests, provided he has a satisfactory record as trainee and provided he passes a medical test identical to the one given to Patrolman Candidates."

Since the plaintiff was appointed shortly after his 21st birthday, he contends that he was actually appointed a Patrolman, rather than a "Patrolman on probation," despite the order of appointment itself.

The notice of examination for Police Trainee also included the following, however: "Those appointed as probationary Patrolman *must serve a probationary period* as provided in the Rules of the City Civil Service Commission existing at the time of appointment." (Emphasis supplied).

While the language of the Notice of Examination could have been clearer, the status of the trainee upon the attainment of his 21st birthday was mandated as probationary by Section 63 of the Civil Service Law.

 Though we talk in terms of the employee's "expectation," the test, I think, must be objective. That is to say, his tenure, whether express or implied, must be objectively determined. A unilateral expectation of employment is not enough. Of course, if the statute or rule did prescribe tenure, a failure by the appointing power to abide by its terms would not destroy the legitimate expectation. That is not the case here. I am constrained to hold that there has not been an adequate showing of a "property right." See Manzinos v. Elliott et al., 72 Civ. 3125 (CHT), Feb. 28, 1973, per Tenney, J.

 In the absence of a claim of violation of First Amendment right, the plaintiff must show that the State had made a charge that might damage his standing in the community or had imposed a stigma that "foreclosed his freedom to take advantage of other employment opportunities." 408 U.S. at 573, 92 S.Ct. at 2707. In the case at bar there was no charge laid against the plaintiff. He was dismissed without the assignment of a reason. No stigma attaches to the mere loss of the opportunity to become a patrolman.

The complaint, which must be taken as true, alleges, however, that "[a]s a result of said dismissal, plaintiff's name has been placed on a list which disqualifies him from competing in Civil Service Examinations for employment in the City and State of New York for at least one year." (4th "cause of action").

 The court held a conference with counsel after the motions were filed, and requested the parties to furnish relevant information on whether this allegation is true. Neither party has done so. Accordingly, I must accept the allegations of the complaint as true. If this allegation is true, I think a sufficient showing of the violation of his rights has been shown to require procedural due process for the plaintiff on the part of the Police Commissioner.

As the pleading stands, I have no choice but to deny the motion to dismiss. On the other hand, a showing that the allegation is untrue by affidavit may suffice for summary judgment without a trial.

If the Commissioner had administrative discretion to act as he did without a hearing, the State court is presumably available, if the request is timely, for a determination of whether the action taken was "arbitrary and capricious." Matter of Going v. Kennedy, supra, 5 A.D.2d at 176, 170 N.Y.S.2d 234.

The motion to convene a three-judge court is denied. The motion of the defendants to dismiss the complaint is denied.