**Oscar SMITH, Jr., Plaintiff,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Defendant.**

**No. 81 Civ. 4089.**

United States District Court,
E. D. New York.

March 24, 1982.

Oscar Smith, Jr., pro se.

Richard K. Bernard, Brooklyn, N. Y. (Janice Taylor, Brooklyn, N. Y., of counsel), for defendant.

McLAUGHLIN, District Judge.

Plaintiff applied for a position as an analyst with the New York City Transit Authority ("TA"). Initially, he was refused the position because his medical examination revealed that he was an alcoholic and allegedly because he rejected the TA's condition that he attend two Alcoholics Anonymous meetings. Plaintiff brought this action (pursuant to 42 U.S.C. § 1983), claiming that the TA's refusal to hire him unless he attended the meetings of Alcoholics Anonymous constitutes unlawful discrimination, a denial of equal protection, and defamation. He seeks $56 million in damages.

After plaintiff filed his suit, he was called back by the TA and he returned for another interview and medical examination. At that time he was found medically fit and he is currently under consideration for a position. The TA now moves for a dismissal of

the complaint, or in the alternative, for summary judgment, on the grounds that (1) the complaint fails to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6); and (2) plaintiff failed to exhaust his administrative remedies.

*Discussion:*

■ A plaintiff suing under section 1983 is not required to show exhaustion of state remedies before proceeding in federal district court. *See, e.g., Velger v. Cawley,* 366 F.Supp. 874, 877 (S.D.N.Y.1973). He is, however, required to present a live controversy for adjudication. *See, e.g., Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); *Blanchette v. Connecticut Gen. Ins. Co.,* 419 U.S. 102, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974). In this case, plaintiff has passed a second medical examination, satisfying the TA of his fitness, and he is currently under consideration for a position. Because the condition to which plaintiff objected is no longer being imposed by the TA, there is no case or controversy for this court to decide. *Id.* *See Mendez v. Heller,* 530 F.2d 457, 461 (2d Cir. 1976). Accordingly, the complaint must be dismissed.

■ Even if plaintiff had presented a justiciable issue, he has not stated a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). He has failed to support his allegations with factual details of how he was deprived of his civil rights; to identify the basis for the discrimination; to specify facts to show that defendant's actions were the product of a motive or policy to discriminate against him; or even to identify his membership in a class whose interests are cognizable under section 1983. *See Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Griffin v. Breckenridge,* 403 U.S. 88, 101, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Dominguez v. Beame,* 603 F.2d 337, 341 (2d Cir. 1979), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980); *Morpurgo v. Board of*

*Higher Education in City of New York,* 423 F.Supp. 704, 711–12 (S.D.N.Y.1976). In short, plaintiff has alleged no facts to show deprivation of constitutional rights.[1] *See Rosenberg v. Martin,* 478 F.2d 520 (2d Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973).

In sum, although I have construed plaintiff's pro se civil rights complaint with liberality, it is totally insufficient to state a claim upon which relief may be granted. *Morpurgo v. Board of Higher Education in City of New York,* 423 F.Supp. at 711–12. *See Serzysko v. Chase Manhattan Bank,* 461 F.2d 699, 703 & n.3 (2d Cir.), *cert. denied,* 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972); *Colon v. State of New York, Div. of Human Rights,* 354 F.Supp. 343, 346 (S.D.N.Y.1973), *aff'd* 498 F.2d 1396 (2d Cir. 1974).

Accordingly, the defendant's motion to dismiss is granted in all respects.

SO ORDERED.

---

1. The tort claim of defamation does not itself provide plaintiff with a federal cause of action. *See Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Rosenberg v. Martin,* 478 F.2d at 524 n.4.