29 N.Y.2d 555 (1971)
State Commission for Human Rights, on the Complaint of New York Urban League and John Gaynus, as Director of Operation Open City, Appellants,
v.
Edmund M. Speer, Jr., as Trustee under the Will of Edmund M. Speer, Deceased, et al., Respondents.
Court of Appeals of the State of New York.
Argued May 13, 1971.
Decided July 6, 1971.
Alexander A. Kolben for appellants.
No appearance for respondents.
J. Lee Rankin, Corporation Counsel (Stanley Buchsbaum and Franklin E. White of counsel), for City Commission on Human Rights, amicus curiae.
Jack Greenberg and Sylvia Drew for NAACP Legal Defense and Educational Fund, Inc., amicus curiae.
Concur: Chief Judge FULD and Judges BURKE, BERGAN, BREITEL, JASEN and GIBSON. Judge SCILEPPI dissents and votes to affirm in the following opinion.
Order reversed, without costs, on the dissenting opinion at the Appellate Division and the matter remitted to the Appellate Division with directions to remand to the Human Rights Appeal Board to determine whether the award for damages was justified by the evidence.
SCILEPPI, J. (dissenting).
I am in complete agreement with the determination made by the Appellate Division and vote to affirm for the reasons stated in the majority opinion of that court. I would simply add that it is inconceivable that the Legislature, in creating the New York State Division of Human Rights, intended to deprive those against whom a claim for damages for pain, suffering and mental anguish is made, of the fundamental right to a trial in our courts. In my view, the broad interpretation which the majority gives to the relevant statutes is unrealistic and improvident since it overlooks the fact that claims of this nature often involve hundreds of thousands of dollars and vests with the commission an unwieldy power which totally disregards the right to trial by jury. By seeking administrative relief, claimants are foreclosed from asserting the damages sought herein since the Legislature has simply not structured the commission to adjudicate claims of this magnitude with the precision and the safeguards which a traditional civil trial affords.
Order reversed, etc.