■ UHL T. MANN, as Commissioner of Public Works of the County of Onondaga, et al., Petitioners, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al. and HELI KUBJA, Respondents.— Determination unanimously modified in accordance with memorandum, and as so modified, confirmed, without costs. Memorandum: The Commissioner's determination that complainant suffered damages as a result of discrimination on account of sex in the amount of $700 was affirmed by the Human Rights Appeal Board. In modifying the award, we note that these damages for lost wages were computed as of June 1, 1970. The record is clear, however, that in May, 1970 at the time complainant first applied to the Onondaga Parks and Recreation Department for a position as a summertime lifeguard, the only openings available commenced approximately three weeks later on June 22, 1970. The computation of complainant's lost wages for a 40-hour work week at $1.98 per hour plus 12 hours average each week overtime at $2.97 per hour for 11 weeks and Labor Day amounts to approximately $500. The damages should be reduced accordingly. (Review of determination of discrimination, pursuant to Executive Law, § 298.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Cardamone, JJ.

■ F. ROBERT BLANKENSHIP, Respondent, v. CRALAIN, INC., Appellant. — Order unanimously modified in accordance with memorandum and as modified, affirmed, without costs. Memorandum: Special Term had indicated its intention to grant defendant-appellant's motion to vacate the judgment taken by plaintiff against it by default on April 26, 1971, upon condition that defendant file suitable security. Because of the defendant's delay of over four months in arranging for such security, Special Term finally denied the motion, and it is from the order of denial that defendant appeals. Defendant avers that it has a meritorious defense and did not intend to default. The dilatory conduct of defendant's attorney in suffering the default is inexcusable, and Special Term was right in requiring security as a condition for opening the default. In the interest of justice we hold that the order should be modified to provide that within 30 days after entry of the order to be made hereon defendant may file in the Onondaga County Clerk's office a surety company bond in the sum of $5,000 as security for the payment of any judgment which plaintiff-respondent may obtain in this action, and upon the filing of such bond defendant may apply to Special Term for an order vacating said default judgment; and in the event that such security bond is not filed as herein authorized, the order appealed from should be affirmed. (Appeal from order of Oneida Special Term denying motion to vacate judgment.) Present — Marsh, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.