◼ In the Matter of the NEW YORK CITY DEPARTMENT OF PERSONNEL et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. —Order of the Human Rights Appeal Board entered June 30, 1975 and mailed February 2, 1976, affirming an order of the Commissioner of the State Division of Human Rights entered April 30, 1974, unanimously modified, on the law, to the extent of vacating the appeal board's order insofar as it affirmed the commissioner's order which directed that the complainant be offered the first available position as a parking enforcement agent and that she be paid compensatory damages from the date she would have been appointed had she not been rejected because of age to the date a position as parking enforcement agent is offered to her. The matter is remanded to the commissioner with the direction to determine such compensatory damages to complainant as may be appropriate from the date of her rejection and for further consideration not inconsistent with this decision and, as so modified, confirmed, without costs and without disbursements. The discrimination against complainant commenced when she was rejected because of age and continued for as long as that rejection denied her certification to the list of eligibles established from Examination No. 1047, for the position of parking enforcement agent. As the list remained in effect until on or about February 24, 1973, the complaint, filed June 7, 1973, was well within the one-year statutory period *(Matter of Russell Sage Coll. v State Div. of Human Rights,* 45 AD2d 153; Executive Law, § 297, subd 5; 9 NYCRR 465.3 [e]). From our examination of the entire record we conclude that there was no valid basis for petitioner's challenge to the determination of the commissioner. The evidentiary facts elicited at the public hearing

amply support the commissioner's finding that petitioner was guilty of discrimination in denying complainant an appointment to the position of parking enforcement agent because she was overage. Although a maximum age of 40 years was established as a prerequisite for successful candidates in the examination passed by complainant who was then 54, petitioner eliminated the age limitation from the next examination for that position, thereby concededly recognizing that the age requirement was unnecessary for job performance *(Matter of Kindt v State Comm. for Human Rights,* 44 Misc 2d 896, mod on other grounds 23 AD2d 809, affd 16 NY2d 1001; Executive Law, § 298; CPLR 7803, subd 4). Petitioner failed to establish its affirmative defense that the age restriction in effect when complainant took the examination was a bona fide occupational qualification exemption from the age provisions of the Human Rights Law. *(New York State Div. of Human Rights v New York-Pennsylvania Professional Baseball League,* 29 NY2d 921; Executive Law, § 296, subd 1, par [d]; *Matter of Castle Hill Beach Club v Arbury,* 2 NY2d 596; *Matter of Holland v Edwards,* 307 NY 38.) Although the burden to establish this exemption is upon the party claiming it, the petitioner offered no evidence on that issue. *(New York State Div. of Human Rights v New York-Pennsylvania Professional Baseball League, supra; State Div. of Human Rights v New York City Dept. of Parks & Recreation,* 38 AD2d 25; *Weeks v Southern Bell Tel. & Tel. Co.,* 408 F2d 228, 235; *Bowe v Colgate Palmolive Co.,* 416 F2d 711; *Richards v Griffith Rubber Mills,* 300 F Supp 338; Age Discrimination in Employment, 41 NYU L Rev 383, 411–413.) The direction of the commissioner that petitioner shall offer complainant the next available position of parking enforcement agent cannot stand inasmuch as the list of eligibles established from the results of the examination which complainant passed has expired *(Matter of Cash v Bates,* 301 NY 258, 261). Even were the list still in force, the direction would be invalid as it would deprive the appointing authority of the power of selection from among the eligibles *(City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430). The commissioner's direction to petitioner to pay complainant compensatory damages for the period from the date she would have been appointed had she not been rejected to the date she is offered a position as parking enforcement agent cannot stand. Unquestionably, complainant is entitled to compensatory damages for the discrimination to which she was subjected *(Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights,* 35 NY2d 143). Nevertheless, "Since the award of compensatory damages is dependent upon the offer of appointment and since that part of the commissioner's order is defective, the monetary award [is] also invalid." *(City of Schenectady v State Div. of Human Rights, supra,* p 430.) We believe, however, that the commissioner can, in the first instance, fashion an award of compensatory damages with due regard to the unusual circumstances of this case (cf. *Batavia Lodge, supra; State Comm. for Human Rights v Speer,* 29 NY2d 555). Concur—Kupferman, J. P., Birns, Capozzoli, Nunez and Lynch, JJ.