■ In the Matter of NEW YORK CITY DEPARTMENT OF PERSONNEL, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent.— Motion of petitioner for an order granting leave to reargue or appeal to the Court of Appeals from an order of this court, dated March 24, 1977, unanimously modifying the determination of the State Human Rights Appeal Board, dated June 30, 1975, is granted only to the extent of recalling the memorandum decision of this court, dated March 11, 1977 (56 AD2d 795), and republishing said decision as hereinbelow set forth, and the motion is otherwise denied. Cross motion of respondent for leave to appeal to the Court of Appeals from said order entered March 24, 1977 is denied, in view of said republished decision as hereinbelow set forth. The decision as republished: Order of the Human Rights Appeal Board entered June 30, 1975 and mailed February 2, 1976, affirming an order of the Commissioner of the State Division of Human Rights entered April 30, 1974, unanimously modified, on the law, to the extent of vacating the appeal board's order insofar as it affirmed the commissioner's order which directed that the complainant be offered the first available position as a parking enforcement agent and that she be paid compensatory damages from the date she would have been appointed had she not been rejected because of age to the date a position as parking enforcement agent is offered to her. The matter is remanded to the commissioner with the direction to determine such compensatory damages to complainant as may be appropriate from the date of her rejection and for further consideration not inconsistent with this decision, and, as so modified, confirmed, without costs. The proceedings of respondent reveal that some time in October or November, 1972, in response to complainant's inquiry about her status, one Susan Swetlow, senior clerk in the employ of petitioner Department of Personnel, informed complainant that she was rejected because of age. In her complaint, filed June 7, 1973, complainant stated, "I was told they would notify me when to come in. I inquired then I was told I can't be hired because of my age: which I believe was not the reason, because the age group was 21 to 65. So this was a deceitful act." The complaint, filed about eight months after complainant

was notified of her rejection because of age, was timely, namely, it was filed well within the one-year period of limitation which began to run from the date complainant received notice from Ms. Swetlow *(Matter of Queensborough Community Coll. of City Univ. of N. Y. v State Human Rights Appeal Bd.,* 49 AD2d 766, affd 41 NY2d 926; Executive Law, § 297, subd 5; 9 NYCRR 465.3 [e]). From our examination of the record we conclude that there was no valid basis for petitioner's challenge to the determination of the commissioner. The evidentiary facts elicited at the public hearing amply support the commissioner's finding that petitioner was guilty of discrimination in denying complainant an appointment to the position of parking enforcement agent because she was overage. Although a maximum age of 40 years was established as a prerequisite for successful candidates in the examination passed by complainant who was then 54, petitioner eliminated the age limitation from the next examination for that position, thereby concededly recognizing that the age requirement was unnecessary for job performance *(Matter of Kindt v State Comm. for Human Rights,* 44 Misc 2d 896, mod on other grounds 23 AD2d 809, affd 16 NY2d 1001; Executive Law, § 298; CPLR 7803, subd [4]). Petitioner failed to establish its affirmative defense that the age restriction in effect when complainant took the examination was a bona fide occupational qualification exemption from the age provisions of the Human Rights Law. *(New York State Div. of Human Rights v New York-Pennsylvania Professional Baseball League,* 29 NY2d 921; Executive Law, § 296, subd 1, par [d]; *Matter of Castle Hill Beach Club v Arbury,* 2 NY2d 596; *Matter of Holland v Edwards,* 307 NY 38.) Although the burden to establish this exemption is upon the party claiming it, the petitioner offered no evidence on that issue. *(New York State Div. of Human Rights v New York-Pennsylvania Professional Baseball League, supra; State Div. of Human Rights v New York City Dept. of Parks & Recreation,* 38 AD2d 25; *Weeks v Southern Bell Tel. & Tel. Co.,* 408 F2d 228, 235; *Bowe v Colgate Palmolive Co.,* 416 F2d 711; *Richards v Griffith Rubber Mills,* 300 F Supp 338; Age Discrimination in Employment, 41 NYU L Rev 383, 411-413.) The direction of the commissioner that petitioner shall offer complainant the next available position of parking enforcement agent cannot stand inasmuch as the list of eligibles established from the results of the examination which complainant passed has expired *(Matter of Cash v Bates,* 301 NY 258, 261). The commissioner's direction to petitioner to pay complainant compensatory damages for the period from the date she would have been appointed had she not been rejected to the date she is offered a position as parking enforcement agent likewise cannot stand. Unquestionably, complainant is entitled to compensatory damages for the discrimination to which she was subjected *(Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights,* 35 NY2d 143). Nevertheless, because the award of compensatory damages is dependent at its terminus upon the offer of appointment and since that part of the commissioner's order is invalid *(Cash v Bates, supra),* the monetary award is also invalid. We believe, however, that the commissioner can, in the first instance, fashion an award of compensatory damages with due regard to the unusual circumstances of this case (cf. *Batavia Lodge, supra; State Comm. for Human Rights v Speer,* 29 NY2d 555). Concur—Kupferman, J. P., Birns, Capozzoli and Lynch, JJ.