■ In the Matter of MARIO TORRISI, Respondent, v PERSONNEL OFFICER OF THE COUNTY OF WESTCHESTER et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Personnel Officer of the County of Westchester to restore petitioner's name to the eligible list for the

position of Deputy Sheriff, the appeal is from so much of a judgment of the Supreme Court, Westchester County, dated August 17, 1976, as directed that petitioner's name be placed on the eligible list for the position of Deputy Sheriff and that he be restored to his position as a provisional Deputy Sheriff. Judgment affirmed insofar as appealed from, without costs or disbursements. On January 13, 1975 petitioner-respondent Mario Torrisi, in an application to take an examination for the position of Deputy Sheriff-Court Officer, stated that his height was 5 feet and 8 inches, which met the minimum requirement as specified in the job qualifications. On March 1, 1975 Torrisi took the examination and passed. Thereafter he underwent two physical examinations wherein his height was measured to be 5 feet and 6 inches; he was thus two inches short of the minimum requirement. On December 26, 1975 he was terminated as a provisional Deputy Sheriff. Thereafter Westchester County ordered a new examination for Deputy Sheriff and eliminated the height requirement which previously had been a prerequisite for the position. The elimination of the height requirement appears to have been at the suggestion of the Westchester County Sheriff, who indicated that height was not a prerequisite for determining a person's physical ability to either arrest or subdue persons or perform other police work. The elimination of the height requirement from the subsequent examination was a concession that such a requirement was an unnecessary element for job performance (see *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 56 AD2d 795). Petitioner commenced the within CPLR article 78 proceeding on February 18, 1976. Appellants' argument that the petition was untimely served is without merit. Petitioner was not formally terminated from his provisional employment until December 26, 1975. The commencement of the proceeding on February 18, 1976 was within the four-month statutory period as set forth in CPLR 217 (see, also, *Matter of Wininger v Williamson,* 46 AD2d 689). Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.