■  ROBERT L. SEARS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. In the Matter of the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceedings pursuant to section 298 of the Executive Law (1) by the Board of Education of the City of New York to review so much of an order of the State Human Rights Appeal Board, dated May 15, 1979, as affirmed those portions of a determination of the State Division of Human Rights, dated August 2, 1978 and made after a hearing, which (a) found that the board had discriminated against the complainant because of his age and directed it to cease and desist from implementing its discriminatory age policies and from discriminating against any person applying for a principalship on the basis of the age of the applicant and (b) directed the board to take certain affirmative action and (2) by the complainant to review so much of the appeal board's order as upheld the failure of

the division to grant him a monetary award of compensatory damages. The board has withdrawn so much of its petition as seeks to review the finding of discrimination. Petitions granted to the extent of modifying the order of the appeal board by adding thereto a provision that paragraph "2" of the affirmative action provision of the determination of the State Division of Human Rights is annulled. As so modified, order confirmed insofar as reviewed, without costs or disbursements, proceedings otherwise dismissed, and the matter is remitted to the State Division for further proceedings consistent herewith. The affirmative remedial action contained in the order of the State Division of Human Rights, namely that the board offer the complainant if selected by the Chancellor's committee, the next available principalship, is impermissible and contrary to the rule expressed in *City of Schenectady v State Div. of Human Rights* (37 NY2d 421, 430): "Although public employers are not excluded from the sanctions directed toward discriminatory practices under the Human Rights Law *(Board of Educ. of Union Free School Dist. No. 2, East Williston, Town of North Hempstead v New York State Div. of Human Rights,* 42 AD2d 49, 51, affd 35 NY2d 673, *supra; Matter of Glen Cove Municipal Civ. Serv. Comm. v Glen Cove Nat. Assn. for Advancement of Colored People,* 34 AD2d 956; cf. *Matter of Board of Higher Educ. of City of N.Y. v Carter,* 14 NY2d 138, *supra),* the commissioner did not have the power to direct the city and its police department to offer complainant the next available position of police sergeant, since such a direction would in effect deprive the appointing authority of the power of selection *(Matter of Berger v Walsh,* 291 NY 220, 223; *Matter of Delicati v Schechter,* 3 AD2d 19, 21). Since the award of compensatory damages is dependent upon the offer of appointment and since that part of the commissioner's order is defective, the monetary award was also invalid." As in *Schenectady (supra),* the attempt here on the part of the State Division of Human Rights to direct the board of education to offer the complainant employment as a high school principal constitutes a direct intrusion upon, and usurpation by it of, the power of the board of education not only to make such selection but also to indicate where such appointed person shall perform his duties. The court in *Schenectady (supra)* also held that, under such circumstances the award of compensatory damages, being "dependent upon the offer of employment", was invalid. Although the rule forbids the State Division of Human Rights from making an order directing a governmental body to employ a specific applicant to public employment and from directing retroactive pay, all as part and parcel of a sanction for a violation of his human rights, the Court of Appeals specifically held that "public employers are not excluded from the sanctions directed toward discriminatory practices under the Human Rights Law". Concededly, Robert L. Sears, the complainant, has been subjected to age discrimination by the board of education in violation of the Human Rights Law (see Executive Law, art 15, § 290 *et seq.),* and for such wrong section 297 (subd 4, par c, cl [iii]) provides for the "awarding of compensatory damages to the person aggrieved by such practice". The order of the State Division of Human Rights, under its present posture, fails to provide any recourse to Sears. For the complainant to obtain any benefit from the order of the State Division, it is required, in the first instance, that he be selected by the Chancellor's committee as the candidate to be submitted to the board of education, which represents, at best, a contingency which may or may not occur. And, if perchance he should be so selected by the Chancellor's committee, he can receive no compensatory damages for the wrong inflicted upon him because, as above demonstrated, that part of the order which directs the board of education to

offer him a principalship is invalid. Consequently, the eventuality of his ever obtaining such appointment and collecting the compensatory damages under the order is illusory and leaves Sears without any recovery for his injury. Such unjust result frustrates the purpose and spirit of the Human Rights Law and, essentially, provides no remedy for the wrong committed. Under like circumstances, where the order of the State Division of Human Rights was subject to the same infirmity as here, the court in *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights* (58 AD2d 787, affd 44 NY2d 904) remanded the matter for the purpose of fixing the amount of compensatory damages, stating (58 AD2d at p 788): "Nevertheless, because the award of compensatory damages is dependent at its terminus upon the offer of appointment and since that part of the commissioner's order is invalid *(Cash v Bates* [301 NY 258], *supra),* the monetary award is also invalid. *We believe, however, that the commissioner can, in the first instance, fashion an award of compensatory damages with due regard to the unusual circumstances of this case* (cf. *Batavia Lodge* [35 NY2d 143], *supra; State Comm. for Human Rights v Speer,* 29 NY2d 555)." (Emphasis supplied; see, also, *State Div. of Human Rights v County of Oswego,* 62 AD2d 1151.) Similarly, this matter must be remanded to the State Division of Human Rights for further proceedings, not inconsistent herewith, to fashion an award of compensatory damages compatible with the facts and circumstances of this case and to thereby effectuate the purpose and spirit of the Human Rights Law (see Executive Law, art 15). Gibbons, J. P., Cohalan, Margett and Martuscello, JJ., concur.