■ NEW YORK CITY BOARD OF EDUCATION, Appellant, v ROBERT L. SEARS et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated February 26, 1981, which affirmed a determination of the State Division of Human Rights, dated August 11, 1980, which, *inter alia,* directed the petitioner to pay to respondent Robert L. Sears the principal sum of $337,822 as compensatory damages for discrimination based upon age. Order modified, on the law and as a matter of discretion, by adding thereto, after the word "affirmed", the following: "except that the determination of the State Division of Human Rights is modified by (1) deleting that portion thereof which directed that respondent Sears be paid compensatory damages based upon the difference between the salary, pension and benefits payable to an assistant principal and the salary and benefits payable to a principal, (2) reducing the amount of compensatory damages which Sears is entitled to recover for mental anguish from $50,000 to $5,000, and (3) deleting that portion thereof which directed that respondent Sears be paid attorney's fees." As so modified, order confirmed, without costs or disbursements, and the matter is remitted to the respondent State Division of Human Rights to recalculate the amount of compensatory damages to which respondent Sears is entitled, in accordance with the memorandum herein. We reject the contention of the petitioner that respondent Sears is barred from recovering compensatory damages because he failed to mitigate his damages in retiring rather than accepting a reversion of position from interim acting principal to assistant principal in charge of guidance upon the petitioner's failure to appoint him as principal. According appropriate deference to the inferences drawn by the State division from the evidence, we are of the view that the record supports the inference presumably drawn that Sears' retirement was a direct, and not unreasonable, response to what he correctly perceived to be the petitioner's now conceded discrimination against him on the basis of his age in considering his application for the position of principal. However, the State division did err in awarding respondent Sears damages based upon the difference between the amount of salary, pension and other benefits which he would have been or would be entitled to as assistant principal and the salary and other benefits that he would have received as principal, in light of the conclusion of the division hearing officer that there was no evidence that petitioner would have been selected as principal but for the unlawful discrimination. Accordingly, the record being insufficient to permit this court to do so, we remand to the division to recompute this aspect of

the damage award based upon the difference between the amount that petitioner would have received in salary had he resumed employment as an assistant principal and the amount of pension benefits that he will receive as a former assistant principal. In addition, we reduce the damage award for mental anguish from $50,000 to $5,000. Although mental anguish may properly be established, as here, by the testimony of the complainant alone (see *Matter of Cullen v Nassau County Civ. Serv. Comm.,* 53 NY2d 492, 497), the amount of the award arrived at by the division, which is more than three times the amount of the award proposed by the division's attorney, is grossly excessive on this record. Finally, we must direct the deletion of that portion of the division's determination which awards attorney's fees to respondent Sears, since the Human Rights Law, the statute governing these proceedings, does not authorize such an award *(State Comm. for Human Rights v Speer,* 35 AD2d 107, 109, revd on other grounds 29 NY2d 555; *New York Gaslight Club v Carey,* 447 US 54, 67, n 7). Although the petitioner did not object to the award of attorney's fees in the administrative proceedings (see Executive Law, § 298), in treating this issue on the merits we have exercised "the discretionary power conferred by statute to overlook a failure to object where the situation warrants" *(New York Inst. of Technology v State Div. of Human Rights,* 40 NY2d 316, 321). We have examined petitioner's remaining contentions and find them to be without merit. Lazer, J.P., Gulotta, Margett and Bracken, JJ., concur.