■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of FRANCES COX, Respondent-Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Petitioners-Respondents. — Determination dated November 25, 1980 unanimously confirmed and determination dated December 3, 1980 unanimously modified and, as modified, confirmed, without costs, and matter remitted to State Division of Human Rights for further proceedings, in accordance with the following memorandum: Complainant and respondents New York State Department of Correctional Services and Albion Correctional Facility (hereinafter respondents) seek review pursuant to section 298 of the Executive Law of portions of the determination and order of the Commissioner of the State Division of Human Rights, affirmed by the appeal board. In 1973, after a hearing, the commissioner determined that respondents had discriminated against complainant in denying her employment as a cook at Albion Correctional Facility, a minimum security correctional facility for males, on the ground that she was female and therefore vulnerable to sexual attack. The appeal board reversed and this court annulled that action, holding that sexual identity is not a "bona fide occupational qualification" for employment as a cook in such a facility (*State Div. of Human Rights v New York State Dept. of Correctional Servs.*, 61 AD2d 25). We remitted for further proceedings on the issue of complainant's qualifications for the position sought. While the appeal was pending, complainant filed another complaint contending that respondents had fired her prior to the termination of her probationary period from the position of cook (grade 9) (to which she had been appointed in 1976 in order to limit damages should she prevail on the discrimination complaint) in retaliation for her filing of the original complaint. The two proceedings were consolidated and a hearing held. The commissioner found that complainant's termination from the position of cook (grade 9) in 1976 was based on her lack of qualifications for the position and not on retaliatory motives. On review of the lengthy record we conclude that this finding is supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176). With respect to the original complaint, filed in 1973, the commissioner found that complainant was qualified for the position for which she had originally applied, assistant cook (grade 6). (Although it appears to have been assumed throughout the original proceeding [see *State Div. of Human Rights v New York State Dept. of Correctional Servs., supra*] that complainant was improperly refused employment as a cook [grade 9], [the position to which she was appointed on a probationary basis in 1976], the commissioner found on remand, based on complainant's testimony and her 1973 complaint, that she had originally applied for the position of assistant cook, a finding apparently not contested by respondents.) Based on the finding that she had been wrongfully denied the position on the basis of sex, he directed respondents to appoint her to that position and awarded back pay from the date she was denied the position to the date she accepts or denies the offer, as well as attorney's fees incurred in obtaining judicial review and $250 for mental anguish. There is no question that in 1973 the complainant was wrongfully denied the position of assistant cook on the basis of her sex. The finding that she was qualified for that position is supported by substantial evidence. We agree, however, with

respondents' contention that the commissioner lacks the power to direct respondents to appoint complainant to that or any position; such a direction would "in effect deprive the appointing authority of the power of selection" (*City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430; see *State Div. of Human Rights v Human Rights Comm. of Syracuse & Onondaga County,* 79 AD2d 181; *Sears v New York State Div. of Human Rights,* 73 AD2d 913, mot for lv to app den 49 NY2d 705). The award of back pay, "based on what she would have earned in respondents' employ from February 1, 1973, in the position of assistant cook, Grade 6, to the date complainant accepts or rejects the offer of employment", is "dependent at its terminus upon the offer of appointment" (*Sears v New York State. Div. of Human Rights, supra,* p 915) and thus may not stand (see *City of Schenectady v State Div. of Human Rights, supra,* p 430). The question of damages is remitted for further proceedings so that the division may make an award based on proper considerations (see, e.g., *State Div. of Human Rights v Human Rights Comm. of Syracuse & Onondaga County, supra; Sears v New York State Div. of Human Rights, supra; Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 58 AD2d 787, affd 44 NY2d 904). The award of counsel fees is also annulled (see *New York Gaslight Club v Carey,* 447 US 54, 67; *Matter of State Div. of Human Rights v Luppino,* 35 AD2d 107, revd on other grounds *sub nom. State Comm. for Human Rights v Speer,* 29 NY2d 555; *Matter of State Div. of Human Rights v Gorton,* 32 AD2d 933). We confirm the award of $250 for mental anguish. There is no merit to the other points raised in this proceeding. (Proceedings pursuant to Executive Law, § 298.) Present — Simons, J. P., Hancock, Jr., Callahan, Moule and Schnepp, JJ.