■ NEW YORK CITY BOARD OF EDUCATION, Petitioner, v ROBERT L. SEARS et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated February 25, 1983, which affirmed a determination of the State Division of Human Rights, which, *inter alia*, directed petitioner to offer Robert L. Sears reinstatement to his prior position of assistant principal and awarded him damages. Order confirmed and proceeding dismissed, without costs or disbursements. The board of education is in error when it contends that the State Division of Human Rights had no power to direct it to offer Robert L. Sears reinstatement to his prior position as assistant principal. Significantly, as this court noted previously in this matter (*New York City Bd. of Educ. v Sears*, 83 AD2d 959), the board had originally offered Sears a reversion of position from interim acting principal to assistant principal in charge of guidance. However, Sears had rejected the offer because he felt unable to function in a discriminatory environment. Now, several years later, with the discriminatory climate apparently eliminated, we see no usurpation of the board's power to select its own employees (cf. *Matter of City of Schenectady v State Div. of Human Rights*, 37 NY2d 421, 430) since, in effect, the division's order merely seeks to restore the *status quo* now that it is apparently possible. The board should not be heard to complain since it was due to its discriminatory conduct that respondent Sears rejected the reinstatement offer several years ago. In addition, the board's claim that Sears has failed to mitigate his damages has previously been raised and was specifically rejected by this court when we stated: "We reject the contention of the petitioner that respondent Sears is barred from recovering compensatory damages because he failed to mitigate his damages in retiring

rather than accepting a reversion of position from interim acting principal to assistant principal in charge of guidance upon the petitioner's failure to appoint him as principal" (*New York City Bd. of Educ. v Sears, supra,* p 959). Accordingly, the appeal board's order which affirmed the division's order, which, in fixing an award, properly followed the guidelines of our prior decision, should be confirmed in all respects. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.