ANNA S. WEISS, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.

First Department, July 5, 1984

APPEARANCES OF COUNSEL

*Ethel Shames* for petitioner.

*Robert J. Parrilli* for respondents.

OPINION OF THE COURT

FEIN, J.

Petitioner (Weiss) moves for review and modification of the order of New York State Human Rights Appeal Board (SHRAB) dated July 27, 1982, which affirmed the order of the State Division of Human Rights Commissioner, dated June 9, 1981, to the extent that said order did not modify certain findings of fact and did not award sufficient damages and back pay against New York State Workers' Compensation Board (WCB) by reason of its denial of a promotion because of her age.

The evidence overwhelmingly supports the finding that because of her age, WCB denied petitioner promotion to

the position of Assistant Director of the Research and Statistics Department for which she was well qualified, in violation of the Human Rights Law (Executive Law, § 290 *et seq.*). Another individual, approximately 20 years younger and not as well qualified, was appointed to the position in question, so that petitioner was required to work in a subordinate position to the individual appointed in petitioner's stead.

Substantial evidence in the record establishes that the qualifications of petitioner were in every respect superior to those of the younger person who was appointed to the position which petitioner sought. On such evidence, petitioner was entitled to the promotion. The finding that age discrimination occurred and that petitioner was required to work in a subordinate position to the new appointee appears to be inconsistent with the conclusion that petitioner's decision to retire and accept a pension was completely voluntary. Under the circumstances, we deem it appropriate to remand the proceeding to the Division for further consideration. On the same basis, we remand for further consideration the $1,000 award of damages for humiliation, embarrassment and mental anguish suffered by petitioner as a consequence of the discrimination.

There is no merit to petitioner's contention that she is entitled to back pay from April 1, 1977 when the new position was created rather than June 22, 1978 when the new position was filled by the successful applicant. It is pure conjecture on the part of petitioner that had WCB not committed the discriminatory practice she would have been promoted to the position any earlier than the date on which the position was actually filled. Any back pay to which she was entitled could commence only from the date when the position was available (*Mann v New York State Div. of Human Rights*, 39 AD2d 835). However, since the effect of the denial of promotion because of age discrimination amounted to a demotion in the sense that she was deprived of former supervisory authority and responsibility, resulting in humiliation, mental suffering and physical problems which the Commissioner found, it is questionable whether her resignation and acceptance of a pension prior to her statutory retirement age was "voluntary".

An employee is not required to accept an inferior position as a result of discriminatory practices with its attendant embarrassment and mental suffering where a reasonable person would retire under these circumstances (*District 1199 Nat. Union of Hosp. & Health Care Employees v State Div. of Human Rights,* 58 AD2d 793). In such cases of "constructive retirement", damages are awarded based upon the difference between wage and fringe (pension) benefits actually received, and the wage and other benefits to which she would have been entitled until statutory retirement had she received the promotion to which she was entitled, less any other benefits received (*New York City Bd. of Educ. v Sears,* 83 AD2d 959).

In our view, the evidence is sufficient for a finding that petitioner was compelled to quit her job as a result of the employer's discriminatory conduct, and that such termination was not voluntary (*Matter of Imperial Diner v State Human Rights Appeal Bd.,* 52 NY2d 72). Since respondent is a public employer, the Commissioner lacks the power to direct respondent to appoint petitioner to the position sought. (*City of Schenectady v State Div. of Human Rights,* 37 NY2d 421; *State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 91 AD2d 832.) However, petitioner is entitled to an award based on proper considerations (*New York City Bd. of Educ. v Sears, supra; District 1199 Nat. Union of Hosp. & Health Care Employees v State Div. of Human Rights, supra*).

Upon the same basis, further consideration of the Commissioner's award of compensatory damages for humiliation, mental anguish and embarrassment, in the sum of $1,000, may be warranted. Although the power of the Commissioner to award such damages is discretionary and necessarily wide, it appears to have been abused by the limited amount of the award rendered (*New York City Bd. of Educ. v Sears, supra; Matter of Imperial Diner v State Human Rights Appeal Bd., supra*).

Accordingly, the order, New York State Human Rights Appeal Board, dated July 27, 1982 affirming the New York State Division of Human Rights Commissioner's order dated June 9, 1981 should be modified only to the extent of remanding for further consideration Finding Number 23,

that "complainant voluntarily retired from the WCB effective August 17, 1978" and the order premised thereon directing that respondent New York State Workers' Compensation Board pay petitioner Anna S. Weiss as back pay for the period June 22, 1978 to August 17, 1978 a sum of money based on the difference between the salary that she received as a Senior Research Analyst, Grade 23, and the salary she would have received had she been promoted to the position of Assistant Director of Research and Statistics, Grade 25, and directing WCB to pay her the sum of $1,000 as damages for humiliation, embarrassment and mental anguish, and otherwise confirmed.

KUPFERMAN, J. P. (dissenting in part). While I agree that the matter should be remanded for further consideration of whether there was voluntary retirement, I would affirm that portion of the order which provides for the payment of $1,000 for the embarrassment involved. To provide both for the difference in wage payments and for embarrassment damages amounts to duplication, and if it is for punitive purposes, then the sum of $1,000 is sufficient.

SANDLER and MILONAS, JJ., concur with FEIN, J.; KUPFERMAN, J. P., and KASSAL, J., dissent in part in an opinion by KUPFERMAN, J. P.

Order, State Human Rights Appeal Board dated July 27, 1982, modified only to the extent of remanding for further consideration finding number 23 that "complainant voluntarily retired from the WCB effective August 17, 1978" and the order premised thereon directing that respondent New York State Workers' Compensation Board pay petitioner Anna S. Weiss as back pay for the period June 22, 1978 to August 17, 1978 a sum of money based on the difference between the salary that she received as a Senior Research Analyst, Grade 23, and the salary she would have received had she been promoted to the position of Assistant Director of Research and Statistics, Grade 25, and directing WCB to pay her the sum of $1,000 as damages for humiliation, embarrassment and mental anguish, and is otherwise affirmed.