■ FREDERICK E. BALZAC, JR., Respondent, v COLUMBIA UNIVERSITY PRESS, Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered March 11, 1985, which denied defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

This is an action for employment discrimination stemming from the defendant Columbia University Press' (CUP), discharge of the plaintiff, Frederick Balzac. Balzac was initially hired in 1980. In July 1981 he was promoted to the position of sales representative, and traveled across the eastern United States selling books to various colleges and universities. Following his return on October 19, from a four-day sales trip to Buffalo, Rochester, Syracuse and Ithaca, he spent the next few days in the office discussing politics and belligerently exhorting his colleagues to reform work conditions. He consequently neglected to make travel arrangements and appointments for his scheduled trip to Philadelphia. Upon the advice of a friend, he sought and obtained treatment and hospitalization on October 22. After 10 days he was deemed fully capable of returning to work, as long as he continued his lithium medication, and was released.

Balzac returned to work on November 9, and reported for an appointment with his supervisor, Carl Hansen. During the meeting, rather than recanting the criticisms he had voiced about management in his manic-depressive state, Balzac reiterated his commitment to activism and office reform. Balzac's ensuing comments lie at the heart of this litigation, and are controverted. Carl Hansen avers the plaintiff professed an unwillingness to carry out his duties as a sales representative, refused to continue covering his entire territory, and stated that he intended to switch to the marketing department in February, the height of the traveling season. Balzac maintains he merely expressed an interest in returning to the marketing

department. At the conclusion of their meeting, Hansen fired Balzac. The director of CUP ratified the decision the following day because the plaintiff "had lost his boss' confidence."

The complaint alleges that the defendant discharged Balzac because of a mental impairment, and engaged in an unlawful discriminatory practice in violation of section 296.(1) (a) of the New York State Executive Law (Human Rights Law) and section 504 of the Federal Rehabilitation Act of 1974 (29 USC § 794). CUP denied the allegations in the complaint, and moved for summary judgment dismissing it.

We agree with Special Term that summary judgment is inappropriate. It is manifest that triable issues of material fact are presented. CUP maintains that an independent, legitimate reason justified its action, since Balzac allegedly announced his unwillingness to continue to work as a sales representative, or was unable to perform his job. However, equivocal circumstances surround Balzac's discharge. He had been promoted five months earlier, and was fired the day he returned from treatment. Whether he professed unwillingness and was unable to perform his job in a reasonable manner are sharply contested. These issues bear upon the ultimate fact in issue, whether the November 9 meeting and the defendant's stated reasons were a mere pretext to obscure an action substantially motivated by impermissible discrimination. *(See, Matter of Pace Coll. v Commission on Human Rights,* 38 NY2d 28, 40.)

Our dissenting colleague concludes that Balzac can claim no protection under section 296.(1) (a) of the Human Rights Law. He finds both that the plaintiff was unwilling to continue working in the sales department, and that his mental illness impaired his competence, as evidenced by his disruption of the office work routine and his dereliction in his duties the week of October 19. In so concluding, the dissent accepts the defendant's stated reasons for the challenged discharge at face value and resolves the factual issues in the defendant's favor. These factual issues require a trial for their resolution. We find it unnecessary to reach the other contentions of the parties. Concur—Sullivan, Carro, Fein and Rosenberger, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and grant appellant's motion for summary judgment and dismiss the complaint.

The plaintiff, hired as a sales representative to promote the sale of defendant-appellant's books, was required to travel in the eastern part of the United States. Following a sales trip,

he returned to the appellant's office in a manic state. There he began promoting an activist group to instigate radical changes in company practices. He subsequently checked himself into a mental health clinic and was diagnosed as manic-depressive. Following treatment, he returned to appellant's office and expressed both an unwillingness to work as a sales representative and his intention of continuing his activism. He was then discharged.

There is a long-standing rule in New York which states that when one is hired for an indefinite period of employment, "it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason." *(Murphy v American Home Prods.,* 58 NY2d 293, 300.) Such a presumption is not overcome here. The plaintiff was hired for an indefinite duration and there was no employment contract. Thus, an at-will employment relationship existed which afforded appellant an "unfettered right to terminate the employment at any time." *(Supra,* p 304.)

In addition, when a firing is not based on a "constitutionally impermissible purpose," not statutorily proscribed, nor in violation of any express limitations in the employment contract, the employer's right to terminate an at-will employment relationship is preserved. *(Supra,* p 305.) Here, there has been compliance with these requirements. First, a tag of discrimination cannot be attached to plaintiff's discharge. This case involves a mental disability and bears no relation to cases which, for example, have found discriminatory discharge because of age *(see, Weiss v New York State Human Rights Appeal Bd.,* 102 AD2d 471), or because of obesity *(see, State Div. of Human Rights v Xerox Corp.,* 65 NY2d 213). Second, plaintiff's firing is not proscribed by the New York Human Rights Law because that statute is designed to protect those individuals whose disability does "not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held." (Executive Law § 292 [21].) The plaintiff's mental illness was directly related to his job performance. Third, it is dubious as to how there can be an express limitation on a nonexistent employment contract. Regardless, appellant had "just cause" to terminate the plaintiff's employment. *(See, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458.)

When the effects of a mental disability clearly impede the employee's performance, distract coemployees from working satisfactorily, and negatively impact on the employer, discharge is not unjustified. The effect of the court's decision here

is to require employers to subsidize mentally ill employees and to invite schizophrenia.