■ In the Matter of WANTAGH UNION FREE SCHOOL DIS-

TRICT et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298, to review an order of the Commissioner of the New York State Division of Human Rights, dated May 15, 1984, which, *inter alia,* found the petitioners to have discriminated against the complainant because of her age and sex, and awarded damages.

Petition granted to the extent that the decision and order are modified, on the law, by deleting the finding that Joseph Forte discriminated against the complainant and by adding in the order, after the word "Respondents," the phrase "except Joseph Forte". As so modified, order confirmed, without costs or disbursements, and proceeding otherwise dismissed.

Substantial evidence is the test to be applied in determining whether a finding of the Commissioner of the New York State Division of Human Rights should be upheld *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421; *Matter of New York City Bd. of Educ. v Simley,* 96 AD2d 947). A review of the record in the instant proceeding establishes that there is ample evidence to support the Commissioner's finding that the complainant, a 47-year-old woman, was qualified to fill the position of director of pupil personnel services and that her educational background and experience entitled her to have her application seriously considered. Under the circumstances the Commissioner's finding that the Wantagh Union Free School District and Dr. A. Lawrence Gagnon discriminated against the complainant based on her gender and age is supported by substantial evidence and should be confirmed.

Further, the Commissioner has the power, in his discretion, to award compensatory damages in human rights cases *(see, Matter of Mize v State Div. of Human Rights,* 33 NY2d 53). Since an order to pay the difference between what complainant would have earned had she been hired and what she actually earned is within the Commissioner's discretion and is easily computable, his determination should be confirmed insofar as it awarded compensatory damages.

The holding in *New York City Bd. of Educ. v Sears* (83 AD2d 959, *appeal dismissed* 55 NY2d 825) does not require a contrary result. In *Sears* we held that an award of compensatory damages based upon the difference between the salary the complainant would have earned in the position of principal, which position he sought, and the salary of the position of assistant principal, which position he actually occupied, was

improper. Our determination was premised upon the lack of evidence that the complainant would have been selected as principal but for the Board of Education's unlawful discrimination. Conversely, at bar, there is substantial evidence in the record that the complainant would have been appointed as director of pupil personnel services but for the unlawful discrimination.

It is well established that the Commissioner may also award damages for humiliation and mental anguish *(see, Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492; *Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights,* 35 NY2d 143). Proof of mental anguish may be established by the testimony of the complainant alone *(see, Cullen v Nassau County Civ. Serv. Commn., supra; New York City Bd. of Educ. v Sears, supra)* and the $5,000 award cannot be termed grossly excessive *(cf. New York City Bd. of Educ. v Sears, supra).*

Finally, Joseph Forte's inclusion in the first paragraph of the Commissioner's decision was a typographical error since Forte was not charged with discriminating against complainant based on her age or gender. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.