| |
|---|
| **Perdomo v City of New York** |
| 2025 NY Slip Op 31188(U) |
| April 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150750/2023 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARIEL D. CHESLER**                    PART                 62M

*Justice*

-----------------------------------------------------------------------------X

YOSELIN PERDOMO,                                   INDEX NO.            150750/2023

                          Plaintiff,               MOTION DATE          10/03/2024

- v -                                              MOTION SEQ. NO.         002

CITY OF NEW YORK, JACKSON HEWITT STORE, 195
BROADWAY PROPERTY LLC,195 BROADWAY GROUND          **DECISION + ORDER ON**
OWNER LLC                                                **MOTION**

                          Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for                    STRIKE PLEADINGS                    .

Upon the foregoing documents, it is

In this motion, plaintiff seeks to strike the defendants[1] ("City") and ("Jackson Hewitt Store") Answers pursuant to CPLR 3126 for defendant's failure to comply with procedural requirements including scheduling a Preliminary Conference ("PC"). Defendant City opposes the motion and Defendant Jackson Hewitt Store[2] produced no response.

This action grounded in personal injuries was commenced on or about January 25, 2023. On or about March 24, 2023, the City served an Amended Verified Answer, Combined Demand for Verified Bill of Particulars & Discovery. Plaintiff filed a Request for a PC on or about May

---

[1] For the purposes of this motion, it is important to note that all claims and crossclaims have been dismissed, on consent, against Defendants 195 Broadway Property LLC and 195 Broadway Ground Owner LLC and the matter has been discontinued against them. The matter remains pending against the City of New York and Jackson Hewitt Store and they are subject to the current motion.

[2] The Defendant Jackson Hewitt Store has failed to submit a notice of appearance, an answer, or any opposition to the instant motion. The remainder of the analysis of this motion shall be regarding the Defendant City's Answer.

**150750/2023   PERDOMO, YOSELIN A. vs. CITY OF NEW YORK ET AL**                    **Page 1 of 4**
**Motion No.  002**

17, 2023. On or about January 31, 2024, plaintiff filed a letter on NYSCEF requesting that a PC be scheduled.

Plaintiff asserts that the Answer must be stricken as defendant has failed to comply with the scheduling of the PC. Additionally, plaintiff claims that defendants further delayed the matter by refusing to enter into a Case Scheduling Order ("CSO").

In opposition, as an initial matter defendants claim the motion is procedurally defective for failure to include an affirmation of good faith pursuant to 22 NYCRR 202.7(a) and for failure to first conference with the Court prior to filing a discovery motion in accordance with Part 62 Rules. Defendants further note that a PC has not yet taken place with the Differentiated Case Management ("DCM") Part, and the DCM part has not generated a CSO.

While Plaintiff made various efforts to schedule a PC or agree to a discovery exchange schedule, defendants advised they could not consent to entering a CSO. Ultimately, plaintiff filed this current motion on or about September 30, 2024.

Pursuant to the Part 62 Rules[3] no discovery motions shall be filed absent leave of Court and if a discovery dispute arises that cannot be resolved by the DCM part, Counsel must request a pre-motion conference with the part. No request for a pre-motion conference was made, the Court did not grant permission to file this motion, and this matter has not yet been before the DCM part. The filing of a letter on NYSCEF requesting a PC does not comply with this Part's Rules for filing a discovery motion. The motion is denied for failure to comply with the Part 62 Rules.

Pursuant to CPLR 3126, a Court may strike a party's pleading if that party refuses to obey an order for disclosure or willfully fails to disclose information that should have been

---

[3] This motion was filed while Judge Sweeting was presiding over this matter. Both the current Part 62 rules and Judge Sweeting's prior Part rules require leave of Court to file a discovery motion.

**150750/2023   PERDOMO, YOSELIN A. vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 2 of 4**

disclosed. The First Department has held that striking a party's pleadings is a drastic sanction and must be accompanied with a clear showing that a party's failure to comply with discovery orders was willful, contumacious or in bad faith (*see Scher v. Paramount Pictures Corp*, 102 AD2d 471 [1st Dept 2001]).

Here, it cannot be contested that a PC still has not been held and there is no CSO in place. Court Administrators have directed that for suits filed against the City, parties are to use the DCM part and this specific process to handle the massive caseload. Of course, this is well within the discretion of the Courts to establish and have parties utilize this process.

Unfortunately, due to various constraints and limitations the DCM part has not reached this case in its queue. However, it is anticipated that a preliminary conference will be held in this matter pursuant to the administrative order of priority. While plaintiff's frustration with the speed of the process is understandable, the process cannot be avoided or sidestepped. Notably the City does not have any control over the DCM Part or when PCs are scheduled. Additionally, while the parties *may* enter into a CSO upon consent it is not mandatory. The defendant City has not acted willfully given that there is no CSO to follow and this motion is denied as premature.

Defendant City's argument regarding 22 NYCRR 202.7 (a) need not be addressed as the motion has been denied for the reasons stated above. However, even if the Court were to find that Plaintiff Counsel's affirmation constituted an affirmation of good faith, it still lacks specificity needed to show a good faith effort was made.

Accordingly, it is hereby

**ORDERED**, that the motion to strike defendant City's answer is denied for the reasons stated above; and it is further

**150750/2023   PERDOMO, YOSELIN A. vs. CITY OF NEW YORK ET AL**
  **Motion No.  002**

**Page 3 of 4**

3 of 4

**ORDERED**, that plaintiff shall not file any discovery related motions without leave of

Court; and it is further

This constitutes the decision and order of the Court.

20250409152919ACHESLERA6CC4C7CB7D747EC9A6C3BADCF68CB2E

| | | |
|---|---|---|
| **4/9/2025** | | |
| **DATE** | | **ARIEL D. CHESLER, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150750/2023   PERDOMO, YOSELIN A. vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

Page 4 of 4