**Lehman v City of New York**

2025 NY Slip Op 32065(U)

June 9, 2025

Supreme Court, New York County

Docket Number: Index No. 155069/2023

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARIEL D. CHESLER**      PART       **62M**

                                              *Justice*

-----------------------------------------------------------------------------X

SUSAN LEHMAN,                        INDEX NO.     155069/2023

                                                                                 04/03/2025,

                Plaintiff,             MOTION DATE    04/03/2025

           - v -                  MOTION SEQ. NO.    001 001

CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF EDUCATION

                                 **DECISION + ORDER ON**
                Defendant.                   **MOTION**

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for                       DISCOVERY           .

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for                       DISCOVERY           .

Upon the foregoing documents, it is

    In this motion, plaintiff seek an Order (1) compelling defendants to depose plaintiff or in the alternative, deem said deposition waived; and (2) striking defendants' Answer pursuant to CPLR 3126 for the failure to appear for their depositions, or in the alternative, compelling defendants to appear for a deposition. Defendants oppose the motion.

    This action grounded in personal injuries was commenced on or about June 6, 2023. On or about June 28, 2023, the City served a Verified Answer, a Combined Demand for Verified Bill of Particulars & Discovery. Plaintiff filed a Request for a PC on or about August 25, 2023. On or about March 26, 2025, Plaintiff filed a request for a pre-motion conference with the Court requesting that a PC be scheduled to set a date for depositions and other discovery matters.

**155069/2023 LEHMAN, SUSAN vs. CITY OF NEW YORK ET AL**          **Page 1 of 4**
**Motion No. 001 001**

1 of 4

Plaintiff asserts that the Answer must be stricken as defendants have failed to depose her and did not appear to the scheduled deposition. Plaintiff contends that she made good faith efforts to complete the outstanding discovery. Additionally, plaintiff claims that defendants are delaying this matter by either adjourning or not appearing to plaintiff's deposition.

In opposition, as an initial matter defendants claim the motion is procedurally defective pursuant to the Part 62 Rules of the Hon. Ariel D. Chesler which do not permit discovery motions without Court approval. Defendants further note that a PC has not yet taken place with the Differentiated Case Management ("DCM") Part, and the DCM part has not generated a Case Scheduling Order ("CSO"). Additionally, defendants claim the motion is also procedurally defective for failure to show a good faith effort was made to resolve the alleged discovery dispute pursuant to 22 NYCRR 202.7.

While Plaintiff made efforts to schedule a PC or agree to a discovery exchange schedule, defendants advised they could not consent to entering a CSO. Ultimately, plaintiff filed this current motion on or about April 3, 2025.

Pursuant to the Part 62 Rules, no discovery motions shall be filed absent leave of Court and if a discovery dispute arises that cannot be resolved through informal procedures or by the DCM part, Counsel must request a pre-motion conference with the Law Clerk by emailing both the Principal and Assistant Law Clerk prior to filing any discovery motions. Plaintiff's request for a pre-motion conference was made absent leave of Court. The Court did not grant permission to file this motion, and this matter has not yet been before the DCM part. Thus, the motion is denied for failure to comply with the Part 62 Rules.

Pursuant to CPLR 3126, a Court may strike a party's pleading if that party refuses to obey an order for disclosure or willfully fails to disclose information that should have been

**155069/2023  LEHMAN, SUSAN vs. CITY OF NEW YORK ET AL**
**Motion No.  001 001**

Page 2 of 4

disclosed. The First Department has held that striking a party's pleadings is a drastic sanction and must be accompanied with a clear showing that a party's failure to comply with discovery orders was willful, contumacious or in bad faith (*see Scher v. Paramount Pictures Corp*, 102 AD2d 471 [1st Dept 2001]).

Here, it cannot be contested that a PC still has not been held and there is no CSO in place. Court Administrators have directed that for suits filed against the City, parties are to use the DCM part and this specific process to handle the massive caseload. Of course, this is well within the discretion of the Courts to establish and have parties utilize this process.

Unfortunately, due to various constraints and limitations the DCM part has not reached this case in its queue. However, it is anticipated that a preliminary conference will be held in this matter pursuant to the administrative order of priority. While plaintiff's frustration with the speed of the process is understandable, the process cannot be avoided or sidestepped. Notably, the City does not have any control over the DCM Part or when PCs are scheduled. Additionally, while the parties *may* enter into a CSO upon consent it is not mandatory. The City has not acted willfully given that there is no CSO to follow and this motion is denied as premature.

Defendant's argument regarding 22 NYCRR 202.7 need not be addressed as the motion has been denied for the reasons stated above. However, even if the Court were to find that Plaintiff Counsel's affirmation constituted an affirmation of good faith, it still lacks specificity needed to show a good faith effort was made.

Accordingly, it is hereby

**ORDERED**, that the motion to strike defendant's answer is denied for the reasons stated above; and it is further

**ORDERED**, that plaintiff shall not file any discovery related motions without leave of Court.

**155069/2023  LEHMAN, SUSAN vs. CITY OF NEW YORK ET AL**
**Motion No.  001 001**

Page 3 of 4

3 of 4

This constitutes the decision and order of the court.

HON. ARIEL D. CHESLER
J.S.C.

6/9/2025
DATE

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | X DENIED | GRANTED IN PART | OTHER |

APPLICATION: SETTLE ORDER — SUBMIT ORDER

CHECK IF APPROPRIATE: INCLUDES TRANSFER/REASSIGN — FIDUCIARY APPOINTMENT — REFERENCE

**155069/2023   LEHMAN, SUSAN vs. CITY OF NEW YORK ET AL**
**Motion No.  001 001**

Page 4 of 4