| **Markosyan v City of New York** |
|:---:|
| 2025 NY Slip Op 32099(U) |
| June 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158867/2023 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARIEL D. CHESLER**                    PART                62M

*Justice*

-------------------------------------------------------------------------------X

ZOHRAP MARKOSYAN,                                          INDEX NO.          158867/2023

                                    Plaintiff,            MOTION DATE        01/21/2025

                    - v -                                 MOTION SEQ. NO.    002

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF PARKS AND RECREATION, DEMARK DIXON, KHADI              **DECISION + ORDER ON**
B. THIAM, BAKRY NAHNOOCH                                        **MOTION**

                                    Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for          STRIKE CASE FROM CALENDAR          .

Upon the foregoing documents, it is

In this proceeding, defendant (Khadi B. Thiam ("Thiam") seeks an Order (1) striking the plaintiff's Complaint pursuant to CPLR 3126 for plaintiff's failure to provide discovery in this matter; or alternatively, (2) pursuant to CPLR 3124 and 3126, compelling plaintiff to provide a response to all outstanding discovery demands by a certain date or else be precluded from offering any evidence as to damages at trial; and (3) extending the time to make any dispositive motions once discovery has been completed an additional one-hundred twenty days. Defendant Barry Nahnooch ("Nahnooch") cross-moves for the same relief.

This action grounded in personal injuries was commenced on September 7, 2023. On or about October 26, 2023, defendant Nahnooch served a Verified Answer, Bill of Particulars and Combined Demands. On or about November 30, 2023, defendant Thiam served a Verified Answer, Bill of Particulars and Combined Demands. On December 13, 2023, plaintiff's counsel Gregory Spektor & Associates, P.C., filed an Order to Show Cause requesting to be relieved as

[* 1]

counsel which was granted on February 8, 2024. Plaintiff was given sixty days to obtain new counsel or proceed *pro se*. The matter was stayed until May 10, 2024, at which time all parties, or counsel, were directed to appear for an in-person compliance conference in front of the DCM part. All other parties appeared, except for the plaintiff. The matter was then adjourned to June 21, 2024, where plaintiff appeared pro se and defendants Thiam and Nahnooch appeared as well. However, defendants the City of New York, City of New York s/h/a/ new New York City Department of Parks and Recreation, and Demark Dixon (collectively "the City") did not appear, further adjourning the matter to July 26, 2024. At this time, no further court appearances have been scheduled.

Defendant Thiam's counsel served Good Faith Letters on plaintiff on several occasions, in addition to a telephone call on October 22, 2024. During that phone call, plaintiff stated he could not afford a new attorney and once it was explained to him that the case needed to move along, plaintiff disconnected the call and stopped responding. Further attempts were made by Liberty Mutual Claims Adjusters to contact plaintiff via telephone with no avail. Responses to defendant Thiam's Demand for Verified Bill of Particulars and various Notices for Discovery and Inspection dated November 30, 2023, remain outstanding. Defendant Nahnooch also attempted in good faith to resolve the issues by serving a good faith letter for the outstanding discovery on plaintiff on December 17, 2024. Responses to defendant Nahnooch's discovery demands served on plaintiff on October 23, 2023, also remain outstanding.

Pursuant to CPLR 3126, a Court may strike a party's pleading if that party refuses to obey an order for disclosure or willfully fails to disclose information that should have been disclosed. The First Department has held that striking a party's pleadings is a drastic sanction and must be accompanied with a clear showing that a party's failure to comply with discovery

158867/2023 MARKOSYAN, ZOHRAP vs. CITY OF NEW YORK ET AL                    Page 2 of 4
Motion No. 002

2 of 4

orders was willful, contumacious or in bad faith (*see Scher v. Paramount Pictures Corp*, 102 AD2d 471 [1st Dept 2001]). Additionally, pursuant to 22 NYCR 202.7 (a), a party must have "an affirmation that counsel has conferred with counsel of the opposing party in good faith effort to resolve the issues raised by the motion."

Here, it cannot be contested that on or about October 26, 2023, defendant Nanooch filed a Bill of Particulars along with Combined Demands, and on or about November 30, 2023, defendant Thiam did the same.

Defendant Thiam submitted an Affirmation of Good Faith on or around December 30, 2024, regarding discovery demands, court conferences, good faith letters, and defendants' attempt to contact the plaintiff, and on December 30, 2024, defendant Nahnooch did the same. Defendants have been unable to resolve the issues set forth herein such that the defendants have no alternative but to seek the intervention of the Court. Defendants have made a plethora of efforts to reach plaintiff who has willfully not responded to all attempts. Although all factors under CPLR 3126 have been met, striking the complaint may be too harsh at this moment. Accordingly, rather than strike plaintiff's complaint, pursuant to CPLR 3124, it is clear plaintiff failed to respond or comply with discovery demands, and so, a directive to compel plaintiff to produce any outstanding discovery is more appropriate.

Accordingly, it is hereby

**ORDERED**, that defendant Thiam's motion and defendant Nahnooch's cross-motion is denied in part as to strike plaintiff's Complaint; and it is further

**ORDERED,** that defendant Thiam's motion and defendant Nahnooch's cross-motion is granted in part as to compel plaintiff to provide responses to all outstanding discovery; and it is further

158867/2023   MARKOSYAN, ZOHRAP vs. CITY OF NEW YORK ET AL                    Page 3 of 4
  Motion No.  002

3 of 4

[* 3]

**ORDERED**, that plaintiff is compelled to produce all outstanding discovery within thirty days of this order, and it is further

**ORDERED**, all other requests for relief not specifically addressed herein is denied.

This constitutes the Decision and Order of the Court.

20250612130327ACHESLER2BCF3E5987784E78AB7FDDAD24256599

_____
**6/11/2025**
**DATE**

_____
**ARIEL D. CHESLER, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158867/2023   MARKOSYAN, ZOHRAP vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

Page 4 of 4

[* 4]